RICE v. KELSO.

1. **Mortgage:** JUDGMENT LIENS: AFTER ACQUIRED TITLE. A mortgage of lands not owned by the mortgagor, will attach and become a lien thereon, there being no intervening equities, the moment the mortgagor acquires title to the land, and it cannot be divested by, or rendered subordinate to, the lien of subsequent judgments.

2. ——: ——. Holders of judgment liens, not made parties in the foreclosure of a superior mortgage, have their right of redemption, but cannot acquire titles under execution sales that will defeat the mortgage title.

*Appeal from Franklin Circuit Court.*

TUESDAY, OCTOBER 25.

ACTION to recover the possession of and quiet the title to certain lands. The defendant set up an adverse title, and prayed that it be quieted in him. There was a decree granting to defendant the relief sought in his cross-petition. Plaintiff appeals.

*McKinzie & Hemenway,* for appellant.

*Fred Gilman,* for appellee.

BECK, J.—I. The conflicting titles to the lands in controversy, held by the respective parties, are each traced to Catharine McMannis. Plaintiff claims under a sheriff's deed executed upon a sale had on a decree of foreclosure of a mortgage executed by Catharine McMannis. Defendant's title is

based upon sheriffs' sales and deeds under judgments against her. The facts relating to these conflicting titles, so far as it is necessary to state them, are as follows:

### AS TO PLAINTIFF'S TITLE.

1. Catharine McMannis executed to plaintiff March 27, 1873, a mortgage upon the land in controversy, and it was filed for record the 31st day of the same month. This mortgage purports to be executed by Catharine McMannis, both in her own right and as executrix of the estate of James W. McMannis. It contains general covenants of warranty as well as covenants of seizin and against incumbrances.

2. An action to foreclose the mortgage making Catharine McMannis the only defendant resulted in a decree of foreclosure rendered February 12, 1875. A personal judgment was rendered against Catharine McMannis, but the decree provides that execution shall issue against the estate of J. W. McMannis for any balance that may remain after the sale of the property mortgaged. On the 20th of May, 1876, the land was sold upon this decree and a sheriff's deed to the plaintiff was executed therefor July 10, 1878.

3. William M. McMannis conveyed the land by quitclaim deed to Catharine McMannis October 25, 1873. It was admitted that William M. McMannis owned the land by inheritance from James W. McMannis.

4. It is not shown that Catharine had authority conferred upon her as executrix of J. W. McMannis to execute the mortgage to plaintiff.

### AS TO DEFENDANT'S TITLE.

Defendant's sheriffs' deeds were made September 2, 1877, upon sales had September 2, 1876, under judgments against Catharine McMannis, the oldest of which was rendered February 23, 1874; the other judgments subsequently became liens.

It will be observed that Catharine acquired the title to the

land before the judgments under which defendant claims were recovered. The mortgage under which plaintiff claims was executed before she acquired the title. It is not claimed that the mortgage was effective as a conveyance by her as executrix, nor is it denied that it would have been operative to create a lien upon the land had she owned the land when it was executed. But it is denied that, as the land was afterwards acquired, the mortgage operated as a lien when the title passed to Catharine. Right here is the point of dispute. Defendant insists that the mortgage is not a lien upon the land for the reason that it was acquired after the mortgage was executed. Plaintiff maintains that the mortgage lien attached when the title of the land was vested in Catharine. We think the question involved in the case is one of no great difficulty and may be determined by the application of familiar principles of the law.

II. The mortgage executed by Catharine binds her personally by the covenants it contains. It of course did not operate

1. MORTGAGE: judgment liens: after acquired title.

as a lien upon the lands before she acquired the title. Now, as between her and the mortgagee, if the rights of others did not intervene, there can be no doubt that the mortgage would attach at the moment she acquired the title. No court could hear her deny the validity of the mortgage. If there were no subsequent grantee or lien-holders, or others having adverse interests, the mortgagee could enforce the mortgage against the land, and this right attached the moment the mortgagor acquired the title to the land. At that time the record shows the judgments under which defendant claims had not been rendered, or were not liens. The oldest of the judgments did not become a lien for about ten months after the mortgage was executed. If the mortgage was a valid lien upon the land for ten months it could not have been divested by subsequent judgments or made subordinate thereto.

The lien of a judgment is upon the interest of the defendant in the lands. It is not controlled by the legal but by equitable

title. It will reach an equity in lands held by the defendant, or if the defendant holds the legal title and the equity is elsewhere the lien does not operate upon the land. In enforcing judgment liens the law looks for the equitable interest in the lands. If the defendant have not such interest and holds the legal title the lien does not attach; if he have such interest and another holds the legal title the lien will attach. These are familiar doctrines of this court.

Now when the oldest of the judgments under which defendant claims were rendered, the mortgage under which plaintiff claims had, in equity at least, attached to the land as between the mortgagor and the mortgagee. Defendant can urge no equity arising under the judgments that will displace the equity of the mortgagee. We conclude, therefore, that the mortgage lien, under which plaintiff claims, is prior to the judgments upon which defendant's title is based.

Code, Sec. 1931, provides that a deed conveying an interest not held by the grantor will operate to pass it, when it is subsequently acquired. We know of no reason why this provision should not be held to extend to mortgages where there is no intervening equity. It is in accord with the rule of equity just stated, upon which the decision of the case may be well rested.

III. When the mortgage was foreclosed the judgments under which defendant claims were liens upon the land, inferior, however, to plaintiff's mortgage. The holders of these liens were not made parties to the foreclosure proceedings and their right of redemption was not therefore foreclosed. That right could have been enforced. Whether it has been lost we need not now determine. We are well satisfied that defendant has not acquired a title under the execution sales which will defeat plaintiff's title.

The judgment of the Circuit Court is

REVERSED.

Rice v. Kelso.

ON REHEARING.

BECK, J.—I.  At a former term a rehearing was granted in this case upon the petition of defendant.  This order was made, not so much because we doubted the correctness of the conclusion reached in the foregoing opinion, as for the reason that defendant's counsel insists that our decision is in conflict with authorities cited in his argument and again urged upon our attention in the petition for rehearing.  The authorities thus brought to our attention are as follows:  *Kreichbaum v. Milton*, 49 Cal., 50; *Goodenow v. Ewer*, 16 Cal., 463; *Bellock v. Rogers, Adm'r*, 9 Cal., 123; *McMillan v. Richards*, Id., 365; *San Francisco v. Lawton*, 18 Cal., 465; *Shaw v. Heisey*, 48 Iowa, 468.

We did not refer to these cases in the foregoing opinion for the reason that they gave no support whatever to the positions of defendant's counsel.  We are not expected to present statements of the facts, arguments, and decisions of cases which do not support the points to which they are cited.  It is not necessary now to make further mention of these authorities than to say that we have again examined them and find that our first conclusion as to their effect is correct.

II.  The following authorities support the conclusions we reached in this case:  Jones on Mortgages, Secs. 1656, 679; *San Francisco v. Lawton*, 18 Cal , 465 (474); *Clark v. Baker*, 14 Cal., 612; *Gochenour v. Mowry*, 33 Ill., 331; *Wark v. Willard*, 13 N. H., 389.

III.  The mortgage, under which plaintiff claims, attached to the land when the mortgagor acquired title.  From that moment it became a lien.  This was before the judgments, under which defendant claims, became liens.

But counsel for defendant insist that the record did not impart notice as against those who hold under the judgment for the reason that the mortgage was executed before the mortgagor acquired title.  The trouble with this position is that

under the decision of this court an unrecorded mortgage will hold against a subsequent judgment. See cases cited in 1 Withrow & Stiles' Dig., pp 262–3, Secs. 194, 203, 204.

IV. Counsel for defendant insists that the property in question was not bound by the foreclosure for the reason that the decree does not expressly provide that after acquired title is subject thereto, such relief was not sought in the petition for foreclosure. The mortgage and foreclosure proceedings bound the land. Questions as to the title relate to the evidence required to show that the land is subject to the mortgage, and it was not necessary that they should be referred to in the decree. It is too late now to inquire whether they were properly presented in the pleadings in the foreclosure case. The authorities cited by defendant on this point fail to support his position.

V. Counsel for defendant complain in the petition for a rehearing that our former opinion erroneously states the several dates of the judgments under which defendant claims. The ultimate facts in regard to the dates which we expressed is that the title was acquired by the mortgagor before the judgments became liens. This is stated in the abstract and four several times admitted in the printed argument of defendant's counsel, that is, the dates when judgments became liens are stated to be after the date as given by defendant's counsel in his argument when the mortgagor acquired title. We were, therefore, surely authorized to make the statements complained of, and are justified in expressing surprise that counsel should complain of a statement based upon so many declarations of his own.

Counsel now relies upon the recitals of the sheriff's deeds executed under the judgments as to these dates. The deeds are found in an amended abstract filed by defendant which, of course, was before counsel when he made the statement in his printed arguments as to the dates in question above referred to. We were authorized to presume that counsel did not re-

gard the amended as contradicting the original abstract for the reason that he followed in his statement the latter. But the discrepancy in the dates in question is readily explained. The judgments, or some of them, were rendered before a justice of the peace, and were filed in the office of the clerk of the Circuit Court, in order to create a lien on real estate. The abstract, counsel's argument, and our opinion all state the date of filing of the judgments in the clerk's office as the day they became liens. The recitals in the sheriff's deeds mistakenly give the dates of the judgments as the dates of filing The petition for rehearing demands no further attention. We adhere to our first opinion, ordering the judgment of the court below to be

REVERSED.