MICHAEL P. HOLLAND, as Executor, etc., Respondent, *v.* ARTHUR BROWN, Appellant.

A grantor, in order to establish as against a purchaser for a good consideration from the grantee, a right to the land conveyed, on the ground that the conveyance was induced by fraud, must show actual notice to the purchaser at or prior to his purchase of the facts upon which his claim is founded, or such facts and circumstances as would put a prudent man upon his guard, and from which actual notice may be inferred and found.

Where possession by such grantor is relied upon to charge the subsequent purchaser with notice, to be available for that purpose it must appear that there was an actual, open and visible occupation, inconsistent with the title of the apparent owner by the record; not equivocal, occasional or for a special or temporary purpose.

*It seems,* when a party proposes to purchase the water front of a farm on the shore of navigable waters, which farm is in such an actual and open possession of a third person and is designated by visible boundaries or monuments at or near the shore, the possession is notice of the occupant's rights with respect to the whole farm, including the water front appurtenant thereto and held by him as private property.

(Argued November 28, 1893 ; decided December 12, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered

upon an order made February 4, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John A. Deady* for appellant. There is no fraud proven on the part of Eckert and the court will not presume fraud. (*Howland* v. *Blake*, 97 U. S. 626; 1 Story's Eq. Juris. §§ 152, 156, 161; *Nevens* v. *Dunlap*, 33 N. Y. 680; *Wilson* v. *Deane*, 74 id. 531; *Huchbed* v. *Schuealy*, 27 N. Y. S. R. 14; *Sidway* v. *Sidway*, 26 id. 898; *Meaghan* v. *H. Ins. Co.*, 12 Hun, 321.) The defendant having purchased the property in good faith and for a valuable consideration, without notice of the fraud, cannot be divested of his title to the same. (*Valentine* v. *Hunt*, 115 N. Y. 503; *Simpson* v. *Del Hoya*, 94 id. 189; 79 id. 183; 18 Johns. Ch. 515, 575; 1 Story's Eq. Juris. 175.) Plaintiff is bound by the map, and if the fraud is held to be proven, then the action should have been commenced immediately on discovery of the fraud. (*Baird* v. *Mayor*, etc., 96 N. Y. 567.) The complaint should have been dismissed at the close of plaintiff's case, for the reason that the action was not brought within ten years after the cause of action accrued, and that the action was brought after the defendant and those under whom he claimed, had been in possession of the property ten years. (*Hoyt* v. *Putnam*, 39 Hun, 402; *Cramer* v. *Benton*, 60 Barb. 226; *Miner* v. *Beekman*, 50 N. Y. 337; *McTeague* v. *Coulter*, 6 J. & S. 208.)

*Henry A. Montfort* for respondent. The action is not barred. (Code Civ. Pro. § 382, subd. 5.) All the defendant purchased at the sheriff's sale and now holds under his deed is the right, title and interest of the Oceanus Association, and as that association was privy to the fraud (through its agent and director, Eckert), defendant occupies no better position. (*Bennett* v. *Judson*, 21 N. Y. 238; *Garner* v. *Mangam*, 93

id. 642; *Krumm* v. *Beach,* 96 id. 404.) The fact that defendant's grantors never had possession of the lands in question, but that, on the contrary, the plaintiff's testatrix continued in possession notwithstanding the conveyance, was notice to the defendant of her equities. (*Simpson* v. *Del Hoyo,* 94 N. Y. 189; *Valentine* v. *Lunt,* 115 id. 496; *Seymour* v. *McKinstry,* 106 id. 230; Gerard on Tit. [3d ed.] 732.)

O'BRIEN, J. This action was brought by the testatrix of the present plaintiff in her lifetime for the purpose of reforming a deed executed by her on the 9th day of June, 1869, of certain lands under water on the shores of Jamaica bay at Rockaway Beach to one Henry Eckert, which the defendant afterwards purchased at a sale upon judgment and execution against the Oceanus Club. The following facts were found or proved upon the trial: About the time when the deed was made, Eckert, in behalf of the club which was about to become incorporated, applied to the decedent to purchase a small piece of her water front off the northerly corner of her property adjoining lands which the club had purchased in order to build a dock for use in connection with the club house and to furnish access to the channel of the waters of the bay. The parcel which the grantee desired to purchase was pointed out and designated by stakes or marks upon the shore, and the owner agreed to sell it for fifty dollars. The grantee subsequently prepared a deed running to himself and presented it to the owner, representing that it conveyed the parcel designated and which she intended to sell, and she executed it without reading it or requiring it to be read, supposing that it embraced only the lands designated and intended by her to be conveyed. The deed in fact embraced a much larger tract of land, and included practically all of her water front, and the trial court found upon sufficient evidence that the conveyance was procured by fraud. She was ignorant of the fraud thus practiced upon her until about two years before the commencement of the action, which was May 4, 1889.

Eckert conveyed all the lands embraced in this deed to the club of which he was a member, or rather to another member, but for the use of the club, January 21, 1871, and on the 19th of May, following, this member conveyed to the club, and the latter entered into possession of the parcel designated and intended to be conveyed and built the dock thereon and continued to enjoy it for the uses and purposes originally intended. On the 4th of April, 1878, all the lands described in the deed were sold upon a judgment and execution against the club, and the defendant became the purchaser for $1,350, and on the 29th of November, 1879, he received the sheriff's deed of the same. During the pendency of this action the owner and original plaintiff died, and the plaintiff, as executor, was substituted in her place as plaintiff. As already observed, there was proof given at the trial sufficient to warrant the finding that the deed was procured from the decedent by fraud, but in order to maintain the action it was necessary to go farther and show that the defendant when he purchased had either actual or constructive notice of the claim. It is not pretended that any proof was given which would warrant a finding that the defendant had actual knowledge, though it has been found that he acquired his interest in the premises with notice of the plaintiff's rights. The only way that the learned counsel for the plaintiff attempted to sustain this finding on the argument in this court was upon the theory that when the defendant purchased the plaintiff's testatrix was in possession of the lands improperly embraced in the deed, and her possession was notice to the defendant of her rights. It is quite true that actual possession of land is sufficient notice to all the world of the existence of any right which the person so in possession is or may be able to establish. (*Phelan* v. *Brady*, 119 N. Y. 587.)

The plaintiff, however, sought to establish a right to the lands in question in hostility to a recorded title, and, therefore, she was bound to show actual notice to the defendant of the facts upon which her claim was founded, or such facts and circumstances as would put a prudent man upon his guard,

and from which actual notice may be inferred and found. The possession which will be equivalent to actual notice to a subsequent purchaser, must be an actual, open and visible occupation, inconsistent with the title of the apparent owner by the record; not equivocal, occasional or for a special or temporary purpose; neither can it be consistent with the title of the apparent owner by the record. (*Cook* v. *Travis*, 20 N. Y. 400; *Brown* v. *Valkenburg*, 64 id. 76; *Pope* v. *Allen*, 90 id. 298.)

The contention of the plaintiff is that, notwithstanding the deed to Eckert, and from him to the club, which were duly recorded, and embraced all the land claimed by the defendant under his purchase upon the sheriff's sale, yet she remained in possession of all except the small parcel which she agreed and intended to convey, and was so in possession at the time of the sheriff's sale, and, therefore, the defendant is chargeable with notice of all her rights. (*Seymour* v. *McKinstry*, 106 N. Y. 230.)

The difficulty is that there is no proof in the record to show that she was then in possession. It is claimed that she owned the uplands and was in possession of them by actual occupation, residing thereon. The map does not show where her house or uplands are, or what relation they bear to the lands in question, and there is no other proof in the record to show any actual possession by Mrs. Holland at the time of the sale on the execution of the lands in question. It may be that a person in possession of lands on the shores of navigable waters, which are fixed and designated by visible monuments, fences or other boundaries, is also in possession of the shore and such portion of the land under water as is appurtenant to his uplands and the subject of private ownership, but there is no proof in the record that would permit the application of such a principle in this case, as it does not appear how the uplands are related by their situation or boundaries to the lands in question. When a party proposes to purchase the water front of a farm on the shores of navigable waters, which farm is in the actual possession of a third person, and is designated

by visible boundaries or monuments at or near the shore, such possession is notice of his rights with respect to the whole farm including the water front appurtenant thereto and held by him as private property. He who is in the actual possession of a part of his farm and uses the rest, whether forest or waste land, or land under water, which is the other part, and connected therewith, as other men use such lands, is adjudged by the law to be in possession of the whole. (*Alternus.*v. *Long*, 4 Penn. St. R. 254.)

Where a known farm or a single lot has been partly improved, the portion of the farm or lot that has been left not cleared or inclosed, according to the usual course and custom of the adjoining country, is deemed to have been occupied for the same length of time as the part improved and cultivated. (Code, § 370.) In the case of lands upon the banks of navigable waters, we know that portions of the farm or lot are not actually inclosed or cultivated, but are so connected with the uplands that are, as to bring the whole under the possession of the person who actually occupies the inclosed and cultivated parts. The manner in which lands on the sea shore are inclosed or occupied may be of such a character as to render the question of possession one of fact. (*Trustees, etc., Town of East Hampton* v. *Kirk*, 84 N. Y. 220; *Jackson* v. *Halstead*, 5 Cowen, 216; *Baker* v. *Van Valkenburgh*, 29 Barb. 319.) It is possible that upon another trial the plaintiff may be able to give proof, either of actual notice to the defendant of her rights in the land, or actual possession by her of such a character as to charge the defendant with notice of her rights.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.