OXFORD JUNCTION SAVINGS BANK, Appellant, v. CHARLES H. HALL et al., Appellees.

**MORTGAGES:** Lien and Priority—Unrecorded Conveyance of Interest
1. of Cotenant. A tenant in common who, *while in possession under a deed granting such tenancy,* orally purchases his cotenant's interest may not thereafter claim that his *continued* possession is notice to the world of his newly acquired right to his cotenant's share. It follows that, if the cotenant who has sold his interest subsequently mortgages his apparent record interest to a good-faith mortgagee without notice of the oral purchase, the mortgage will take priority over the said purchase. (See Book of Anno., Vol. 1, Sec. 10105, Anno. 115 *et seq.*)

**ADVERSE POSSESSION:** Nature and Requisites—Unavailable Plea.
2 A plea of title to real estate by adverse possession is not available against one whose rights were acquired before the lapse of the ten years sufficient to ripen such title, even though said title had ripened as to the same property as against another party to the litigation.

Headnote 1:    41 C. J. pp. 518, 532, 533, 556 (Anno.)    Headnote 2:    2 C. J. p. 254; 38 Cyc. p. 23.

Headnote 2:    1 R. C. L. 686.

*Appeal from Jones District Court.*—F. L. ANDERSON, Judge.

DECEMBER 16, 1926.

REHEARING DENIED MARCH 11, 1927.

Action to foreclose a mortgage. The court decreed foreclosure as to a certain tract of land, and denied foreclosure as to another tract. The plaintiff appeals from the latter order. The facts appear in the opinion. We treat W. D. Hall as sole appellee.—*Reversed.*

*James E. Remley,* for appellant.

*C. B. Paul,* for appellees.

FAVILLE, J.—Charles H. Hall and W. D. Hall are brothers. Their father died April 22, 1895, seized of 143.85 acres of land. Said brothers, being the only heirs of said decedent, inherited

1. MORTGAGES:
lien and prior-
ity: unrecorded
conveyance of
interest of
cotenant.

said land as tenants in common.  W. D. Hall was then past 24 years of age, and Charles was 17.  On September 29, 1899, the two brothers acquired the 40-acre tract which is in controversy on this appeal.  The deed of conveyance we do not find in the record, but it appears that it was recorded, and that under said deed the title stood in W. D. Hall and Charles H. Hall.  W. D. Hall testified that Charles H. Hall owned title to one half of all the land, including the 40-acre tract in question.  After the purchase of the 40-acre tract, the same was improved, both brothers contributing to said improvement, but the amount contributed by W. D. Hall being largely in excess of that contributed by Charles H. Hall.  The improvements appear to have been chiefly made before January 14, 1914, at which date, it is the contention of the appellee, Charles H. Hall agreed orally with the said W. D. Hall that the latter should have, from and after that date, all of the interest of the said Charles in said premises.  The record shows that Charles resided with W. D. Hall and his wife upon the premises in controversy until about January, 1914, when Charles H. Hall was married, and moved away.  On February 28, 1919, Charles H. Hall and wife executed to the appellant a note for $6,000, and secured the same by a mortgage upon all of said described real estate, including the 40-acre tract now in controversy.  The mortgage recited: "This conveyance is subject to the interest of W. D. Hall and covers an undivided half interest in said premises."  At said time, W. D. Hall was in sole possession of said described premises.

I.  We first meet the question as to whether or not the appellee legally established the alleged oral agreement by which Charles H. Hall conveyed to him his interest in the 40-acre tract.  It is not claimed that any written instrument evidencing such conveyance was executed at the time.  Upon the trial, the appellee produced a quitclaim deed from the said Charles H. Hall to him, which was dated April 15, 1924, and acknowledged May 15, 1924, and which was filed for record January 8, 1925, the day following the institution of this action.  The testimony regarding the alleged contract is not wholly satisfactory.  It is evident from the record that appellee had contributed very much more toward the purchase of the 40-acre tract than had Charles H. Hall, and it is also evident that appellee had placed valuable improvements

upon said tract with his own money. Charles H. Hall lived with appellee on the premises, and performed labor there; and it appears that he did not pay appellee for his board during the time he resided there. It is contended that these matters were taken into consideration by the two brothers at the time that the oral agreement is claimed to have been reached between them, by which Charles H. Hall surrendered to appellee whatever interest he had in the 40-acre tract. The manner in which the premises were handled in listing the land for assessment, procuring insurance, the execution of the mortgage, and other similar matters, tends somewhat to negative the contention of the appellee that he acquired all the rights of Charles H. Hall in the 40 acres in 1914 by oral agreement. In view of our conclusion upon the other branch of the case, we do not deem it imperative that we determine this matter. The question is not involved as between the parties to the alleged contract; and if such a contract existed, it is not determinative of the appellant's right in the premises, as we shall see.

. II. The controlling question in this case is whether or not appellant, as mortgagee of said Charles H. Hall, is chargeable, under the facts of this case, with notice of the alleged ownership of appellee of all of said 40-acre tract. Appellee was in possession of the said 40-acre tract at the time of the execution of the mortgage in question by Charles H. Hall. There is no claim that the appellant had any actual notice in any way of the alleged claim of appellee that he had acquired title to the interest of Charles H. in said premises. It appears that the appellant's officer examined the record, at the time of making said mortgage, and found that, as shown thereby, the title to the said tract stood of record in appellee and Charles H. Hall. The mortgage in suit recited that appellee had an undivided one-half interest in said premises. It is also clear that appellee had possession of the said premises prior to the alleged contract between him and Charles H., and that there was no change in his possession at any time. The question confronting us, then, may be thus stated: Where one of two tenants in common is in possession of the premises held in common, and by an undisclosed oral agreement acquires the title of his cotenant, does such continued possession by said party operate as constructive notice to one who, relying on the record title, acquires the interest, without notice, of the other

cotenant? Under the decisions of this court, a mortgagee is a subsequent purchaser for value, within the meaning of our recording acts. *In re Estate of Gill*, 79 Iowa 296. It is the general and frequently recognized rule that the possession of real estate is notice to the world of all rights of the person in possession. This rule has been repeatedly announced, and is generally recognized by all the courts of the country. But to this rule there are certain well recognized exceptions. Some of these have been recognized by this court. *Brunsdon v. Brunsdon*, 199 Iowa 1099, 1112.

One of the exceptions to the general rule was recognized by us in the case of *May v. Sturdivant*, 75 Iowa 116. In that case we had a situation somewhat analogous to the case at bar. The owner of real estate died intestate, leaving a widow and eleven children. The widow and the plaintiffs in the action and another child occupied the premises as a residence. Certain cotenants in possession purchased the interest of one of the other cotenants not in possession, and received a deed therefor, which was not recorded. Thereafter, a judgment was recovered against the party so conveying. Execution issued on that judgment, and was levied on an undivided one eleventh of the property, as that of the judgment debtor. We were confronted with the question as to whether or not, under such state of facts, the conveyance by one cotenant to the other, without change of possession, was constructive notice to a subsequent purchaser from the grantor of the rights of the purchasing cotenant. In said case we said:

"The general rule certainly is that the purchaser of real estate is chargeable with notice of the equities of one in possession. There are exceptions and limitations, however, to this, as to all general rules. It is settled in this state that possession by a grantor, after full conveyance, is not constructive notice to subsequent purchasers of any right reserved in the land by the grantor. *Koon v. Tramel*, 71 Iowa 132; *Sprague v. White*, 73 Iowa 670. See, also, the authorities cited in the opinion in the first case. It has also been held that, where one is in possession under some right which appears of record, his possession is not constructive notice of another or different right, but is referable to that right. *Rogers v. Hussey*, 36 Iowa 664; *Brown v. Wade*, 42 Iowa 647; *Bonnell v. Allerton*, 51 Iowa 166. In *Rogers v. Hussey*, plaintiff purchased the property, receiving a bond for

a deed, and paying the greater part of the purchase price. He subsequently paid the balance, and received a deed, which was duly recorded. But in the meantime a creditor of the vendor had recovered a judgment against him, on which execution issued, and the property was sold. Plaintiff was in possession at the time of the sale, but it was held that his possession did not impart constructive notice of his ownership before the execution of his deed, and as by the record he appeared to have taken the property subject to the lien of the judgment, he was divested of the title by the execution sale. And the same doctrine was applied in the other cases. That holding appears to be conclusive of the question which arises on the facts of this case. Before the purchase of Mrs. Gilbert's interest, plaintiffs were tenants in common with her in the whole estate. As such, they were entitled to enter and use the whole of the property. Freem. Cotenancy, Secs. 248, 249; *Com. v. Lakeman*, 4 Cush. 597; *Carpentier v. Webster*, 27 Cal. 524, 544. At the time of the purchase, they were in possession under that right. There was no change of possession after that, for Mrs. Gilbert had never occupied or used the premises. Some improvements were made on the premises after the purchase of Mrs. Gilbert's interest, it is true; but there is no evidence that either of the defendants knew that these improvements were made exclusively by plaintiffs. Possession was originally taken by plaintiffs under a right which was matter of record; and it cannot, under the rule as settled by the cases cited, be held to have constituted constructive notice of the new or additional right acquired by them under the deed from Mrs. Gilbert.''

In *Crooks v. Jenkins*, 124 Iowa 317, we said:

''The plaintiff took the mortgage without notice of the deed to Patterson, other than the possession of the premises afforded. The doctrine that a purchaser of real estate—and a mortgagee has been held to be such—takes the same charged with notice of the equities of a person, other than the vendor, in possession at the time of the purchase, is not questioned. *O'Neill v. Wilcox,* 115 Iowa 15. But, like other general rules, this has its exceptions. Thus, when possession is consistent with the record title, it is presumed to be under such title, and is not notice of outstanding, unrecorded equities. *Rogers v. Hussey*, 36 Iowa 664; *Brown v. Wade*, 42 Iowa 647; *Bonnell v. Allerton*, 51 Iowa 166;

*May v. Sturdivant*, 75 Iowa 116. This is on the ground that, having given notice to the world of his estate in land by a proper record of a conveyance to himself, a possession justified by said recorded title is to be presumed to have been under such title, and is not notice of any other which he may have subsequently acquired, but which, through neglect, he has failed to record. *Dutton v. McReynolds*, 31 Minn. 66, 16 N. W. Rep. 468."

In *Kirby v. Tallmadge*, 160 U. S. 379 (40 L. Ed. 463), the Supreme Court of the United States says:

"The rule is universal that, if the possession be consistent with the record title, it is no notice of an unrecorded title."

In 2 Pomeroy's Equity Jurisprudence (4th Ed.), Section 616, it is said:

"The decisions may be regarded as agreeing upon the conclusion, which also seems to be in perfect harmony with sound principle, that, where a title under which the occupant holds has been put on record, and his possession is consistent with what thus appears of record, it shall not be constructive notice of any additional or different title or interest to a purchaser who has relied upon the record, and has had no actual notice beyond what is thereby disclosed."

The question is reviewed fully in *Mullins v. Butte Hardware Company*, 25 Mont. 525 (65 Pac. 1004), and the conclusion reached that possession by one tenant in common is referable to recorded deeds of conveyance, and that occupancy and the making of improvements by one cotenant did not constitute constructive notice of any other title than that of record.

The rule has been recognized under somewhat similar circumstances in the following cases: *Schumacher v. Truman*, 134 Cal. 430 (66 Pac. 591); *Aden v. City of Vallejo*, 139 Cal. 165 (72 Pac. 905); *Dutton v. McReynolds*, 31 Minn. 66 (16 N. W. 468); *Martin v. Thomas*, 56 W. Va. 220 (49 S. E. 118); *Holland v. Brown*, 140 N. Y. 344 (35 N. E. 577); *Griffin v. Hall*, 111 Ala. 601 (20 So. 485); *Bush v. Golden*, 17 Conn. 594; *Smith v. Yule*, 31 Cal. 180 (89 Am. Dec. 167); *Williams v. Sprigg*, 6 Ohio St. 585; *Ildvedsen v. First St. Bank*, 24 N. D. 227 (139 N. W. 105).

The instant case comes within the exception noted to the general rule regarding notice from the fact of possession. In this case, the record title showed that appellee and Charles H. Hall were tenants in common, each owning an undivided one-

half interest in the premises. Appellee was in possession of the 40-acre tract in question, but, under the rule announced, such possession was referable to his title as a tenant in common. As a cotenant, he was entitled to such possession. His possession of the premises was wholly consistent with his title as a tenant in common, as disclosed by the record, and was referable to such title. His continued possession, even though he had secretly acquired a greater title from his cotenant, would not, of itself, be constructive notice that he had greater rights than those disclosed by the record. There is no proof whatever of actual notice in the record. On the contrary, there is evidence strongly tending to show that, after the claimed contract between the brothers, the appellee represented that the said Charles H. Hall was still the owner of an undivided one-half interest in said premises.

It is contended that W. D. Hall has title to the premises by adverse possession. If we concede, without deciding the question, that the exclusive possession of W. D. Hall after the claimed oral agreement between him and his brother in 1914

2. ADVERSE POS-
SESSION: nature
and requisites:
unavailable
plea.

would, as against his brother, constitute ouster, which would ripen into title by adverse possession against any claim by the brother, such fact would not be available to the said W. D. Hall as against the right of the appellant, whose mortgage was taken in February, 1919. At that time, the said W. D. Hall in no event had title by adverse possession. The rights of W. D. Hall as against Charles H. Hall are not involved in this appeal. Even though a title by adverse possession has ripened in W. D. Hall as against Charles H. Hall, it had not so ripened at the time that appellant took its mortgage from Charles H. Hall, and acquired thereunder the rights it now asserts against the premises.

The lower court erred in refusing to decree foreclosure of the appellant's mortgage as a lien upon the undivided one-half interest in the said 40-acre tract of land in controversy. The decree appealed from will be modified to this extent, and the appellant may have a decree in the district court or in this court, in accordance with this opinion, as it may elect.

The appellee's motion to dismiss the appeal, which was ordered submitted with the case, is overruled. The portion of the final decree appealed from denying the foreclosure of appel-

lant's mortgage as to an undivided one-half interest in said 40-acre tract, and quieting the title to said tract in the appellee W. D. Hall, is—*Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.