BERTHA BAHLS et al., Appellees, v. A. F. DEAN, Appellant.

No. 43833.

JANUARY 12, 1937.

Don McClain, W. R. C. Kendrick and Alan Loth, for appellant.

D. M. Kelleher, for appellees.

PARSONS, J.—The plaintiffs in this case are the wife and the children of William Bahls who died November 5, 1917, testate, and who was at the time a resident of Calhoun county, Iowa, the owner in fee of the land described in the petition as follows: N½ of the SE¼, S 25; NE¼ S 26, E½ of NW¼ S 36, all in Town-

ship 88, Range 32, West of the 5th P. M., containing 320 acres, more or less, in Calhoun county, Iowa, except 816/1000 acre thereof described as the N 60 feet of the NE¼ of the NW¼ of Sec. 36, in the same township and range.

The petition alleges that during 1935 plaintiffs made a contract with the defendant whereby defendant undertook and agreed to procure for them mortgage loans amounting to $28,500 on said land. That by the terms of said agreement said mortgages were to be procured before January 1, 1936, and that plaintiffs were to furnish abstracts showing good and merchantable title in said lands (save the existing first mortgage which was to be paid from the proceeds of the new mortgages), and were to execute such notes, mortgages and other accompanying and usual instruments as might be reasonable or properly required in order to enable defendant to obtain such mortgages as he agreed. That said contract was partly oral and partly written; that the written parts are in the defendant's possession and cannot be copied by plaintiffs. The petition further alleges that plaintiffs complied with all the conditions of the contract and that they, with their spouses, jointly signed and executed all notes and mortgages and other documents which defendant presented and which were necessary to enable defendant to comply with his obligations under said contract; that plaintiffs paid expenses of obtaining said abstract and of executing said instruments and of obtaining said loan, which aggregated not less than $150. That defendant, despite due demand and despite performance and payment by plaintiffs as aforesaid, has failed and refused to procure said loan, and that because of said failure, plaintiffs have been damaged by reason of the fact that to procure such loans elsewhere it will be necessary for them to pay a higher rate of interest thereon, which will exceed the interest on the loan defendant agreed to obtain by at least $285, after giving credit to defendant for his compensation for procuring the loan first mentioned; that due demand has been made of defendant for payment of said damages and has been refused. Plaintiff asks judgment for $435 and costs.

The answer of defendant set up and alleged that William Bahls died testate, a resident of Calhoun County, Iowa; and set forth his will and testament as follows:-

"I, William Bahls, of the County of Calhoun and State of

Iowa, being of full age and sound mind, do make, publish and declare this my Last Will and Testament, that is to say:

"First. I direct that all my lawful debts and the expenses of my last sickness and burial, and of the administration of my estate be first paid, and subject thereto—

"Second. I give, devise and bequeath to my beloved wife, Bertha Bahls, for and during the period of her natural life, or during the period that she shall remain unmarried and my widow after my death all the property of which I shall die seized or possessed, both personal and real, in whatever it may consist, or wherever situated, at the time of my decease, giving to her full possession, control and occupancy of the same during the natural life of my said wife, or during and so long as she shall remain unmarried and my widow after my death. Should my said wife again marry, I direct that one-third in value of my estate be set apart to her and the remaining two-thirds of my estate be equally divided *among my children then living*. Should my said wife not again marry, and remain my widow till the time of her death, then I direct that all of my property shall be equally divided *among my children then living*.

"Third. I hereby nominate my said wife, Bertha Bahls, to be the executrix of this my Last Will and Testament, and request that she be not required to give bond for the faithful performance of her duty therein.

"In Witness Whereof I have hereunto subscribed my name, at Rockwell City, Iowa, this 23d day of June, A. D. 1906.

"Wm. Bahls."

The answer further set out that the mortgages signed by the plaintiffs and spouses do not convey or encumber the fee simple title required by the terms of said contract. That the interests of plaintiffs except Bertha Bahls are mere contingent remainders and are therefore not alienable or the property subject of encumbrance.

That by the expressed provisions of the will of William Bahls, the whole title of plaintiffs is made up, as to the plaintiff, Bertha Bahls, of no more than a life estate therein to her, except that in the event of her remarriage, she is then to take one-third thereof; and, as to each of the other plaintiffs, the children of William Bahls, only a remainder therein consisting of a share of testator's property to be ascertained upon the death or remar-

riage of the plaintiff, Bertha Bahls, and that such remainder is expressly and entirely contingent, as to each of said children, upon his being living at the time of the death or remarriage of said Bertha Bahls.

That said will may also, in case of the remarriage of said Bertha Bahls, be construed to give her a base or a determinable estate in said land, with executory devises over on its termination or defeasance, which devises may inure to other persons than plaintiffs or any of them, and will so inure in case of the death of the other plaintiffs prior to such termination or defeasance.

That testator made no provisions in his will for a devise of a remainder in his property to any other person than his children, nor any devise to their descendants or heirs in case any or all of them do not survive the death or remarriage of Bertha Bahls, and there is a possibility that, upon her death or remarriage, no one of said children named as remaindermen, shall be surviving to take such contingent remainder and that it would, at that time, become necessary to ascertain to whom said property should then descend by inheritance, as of that time, from testator. The person or persons who would then take title to the property is not now ascertainable, and a mortgage encumbering the whole fee, beyond the possibility of defeasance as to any undivided portion thereof or as to any interest therein, is not now possible. That, until it becomes necessary upon the death or remarriage of Bertha Bahls, to ascertain to whom such title shall go by devise or descent, the fee simple title is in abeyance and there is no present existing interest therein which can be the subject of a valid alienation, conveyance or encumbrance by any person in such an instrument as to bind any of them or their heirs, or the heirs or representatives of said testator.

That as to the possible interest in said property not devised by said will, there is a possibility of reverter or other reversionary interest to persons not now ascertainable and perhaps not now in being upon defeasance of the fee title devised to testator's widow and children.

That testator's will, by its language, shows conclusively an intention on his part to devise the whole fee and it is necessarily to be so construed. In view of such intention and construction, any possibilities that any other persons will take an interest in the property can arise only upon a failure of the fee devised and as of the time of the failure, and until that failure, any such

interest is entirely in abeyance and not subject to alienation or encumbrance.

That whether said will is interpreted as giving Bertha Bahls a life estate determinable on her remarriage with contingent remainders over, or as giving her a base interest or estate terminable on her remarriage with executory devises over, some other person not joining in said mortgage and not ascertainable and possibly not now in being (such as the heirs or descendants of any plaintiff who may hereafter die prior to the taking effect of the executory devise or the vesting of the contingent remainder or a person claiming as heir or by representation from the testator by descent in a collateral line) may possibly or eventually take or acquire an interest in said property which would not be affected, encumbered or covered by any mortgage executed by these plaintiffs.

Defendant further alleges that, because of the fact that the actual title of plaintiff as shown by said abstract is defective, imperfect, unmarketable and unmerchantable in the respects stated, plaintiffs have not complied with the said condition precedent to defendant's obligation to procure such loans, in that they have not furnished an abstract showing good, merchantable and marketable title to said land. And further that, had they furnished such abstracts as agreed, defendant would have procured such loan, and he is still ready, able and willing to do so upon their furnishing such an abstract complying with such contract.

Plaintiffs demurred to the answer of defendant on the following grounds:

1.   It does not plead or attempt to plead any defense to this action save the claimed unmarketability of plaintiffs' title to the lands, or the alleged disclosure of such unmarketable title by their abstracts; and that such claim is manifestly untenable, and the facts stated in the answer show that the title and abstracts of plaintiffs are in fact good and merchantable, for the reasons hereinafter stated.

2.   The allegation that Bertha Bahls cannot alone mortgage a good fee title to the property is immaterial and insufficient, for it is alleged in the petition and admitted in the answer that the other plaintiffs join with her in the mortgage here involved; and that such joinder will and does operate to pass and pledge the entire fee title to the lands, for the reasons hereinafter stated.

3.   That the will set forth in the answer plainly and un-

equivocally shows that the provisions in favor of Bertha Bahls give to her a life estate in said property, and not a fee; and that said life estate is subject to termination in the event of her remarriage, and under no possibility can said will be otherwise construed.

4. That the provisions of said will in favor of the testator's children cannot possibly be construed to be executory devises, but plainly and palpably devise to the children a remainder interest in said property, subject only to the interest of the said Bertha Bahls.

5. That the remainder thus devised to said children is a vested remainder, which vested in said children at the death of William Bahls; that only the possession or enjoyment of said lands, and not the vesting of their remainder, is postponed until the termination of the interest of Bertha Bahls.

6. That even if said will could be construed to provide for a contingent remainder to the children, rather than a vested remainder, such contingent remainder is alienable and transferable under the laws of Iowa; and can be conveyed, pledged and mortgaged by the holders thereof; and that the claim in the answer that the contingent remainder is inalienable is not the law of this state.

7. That even if said remainder be construed as contingent, said will does not anywhere provide for a devise over to any person or class or otherwise, in the event of the contingency. It does not provide that, if such contingency occurs, said land or any interest therein shall go to any person other than these plaintiffs; that the will does not provide (as is suggested in the answer) that it shall vest in or pass to the heirs of any plaintiff who may die prior to the vesting of the remainder, and is not capable of being so construed. Therefore, even if the remainder be contingent, and even if some contingency could therefore arise which would prevent any or all of these plaintiffs from taking title *under the will*, the testator, having made no provision for the devolution or vesting of the property in any other person on any contingency, must have died intestate with respect to such interest or possibility; and these plaintiffs, being his only heirs at law, took and own in their own right any possible interest which may not have passed to them under said will.

8. That these plaintiffs are all of the persons who could take any interest in said land at any time, under any possible

conditions or contingencies, and under any possible construction of the will; that therefore the title to the land in fee simple has united and merged in them and is owned by them; that there is no other person, or class of persons, who could, under any possible future state of facts or developments, or any possible construction of said will, ever assert any right, title or interest in said premises.

9. That the facts stated in the answer show that the joinder by all plaintiffs in the mortgages in question will operate to mortgage and pledge the full indefeasible fee title to said lands, free of any claims of any persons now or hereafter; and thus shows that plaintiffs have complied with their part of the contract sued upon, and are entitled to its performance by defendant.

At the September 1936 term of said court, the aforesaid demurrer was argued and submitted to the court, who made the following

RULING AND ORDER SUSTAINING DEMURRER:

"Be It Remembered: That this matter came on for hearing and argument upon the demurrer of the plaintiffs to defendant's answer, which said demurrer was argued orally, with leave to file written briefs, which have been filed and considered. D. M. Kelleher appeared as attorney for the plaintiffs and Alan Loth as attorney for defendant. The court having taken said demurrer under advisement and having read and considered the briefs of the respective parties, states the conclusions of the court as follows:

"1. The defense pleaded in the answer demurred to is in substance that plaintiffs' title to the land described in the petition is unmarketable because the terms of the will of William Bahls set out in the answer are such that the whole estate and title which the testator possessed cannot be encumbered by a mortgage in which testator's widow and children join; and that the plaintiffs' title is imperfect and not marketable or merchantable and not such that a mortgage executed by all of them will encumber the whole fee.

"2. The principal grounds of the demurrer are that the facts set forth in the answer (including the will of William Bahls) show that the joinder of the plaintiffs in a mortgage will operate to pass and pledge the entire fee title to the lands; that

the provisions of the will in favor of testator's children cannot be construed to be an executory devise; that if the will shall be construed to provide for a contingent remainder of the testator's children, such remainder is alienable and transferable under the laws of Iowa and can be conveyed, pledged and mortgaged by an instrument joined in by the widow and all the contingent remaindermen; that the claim in the answer that a contingent remainder is inalienable is not the law of this state. That there is no devise over in said will to any person or class except the children of said testator. That the will is incapable of being construed to pass to anyone any interest or estate except what is devised to a said Bertha Bahls and the other plaintiffs, children of testator. Therefore that no other person could take under the will except the plaintiffs; and if any interest or estate there be not devised by the will that as to any such possible interest or estate, the testator died intestate with respect thereto; and that the plaintiffs, including the widow and all of the heirs at law, took and own in their own right any possible interest or estate which did not pass to them under the testator's will.

"That the plaintiffs are all of the persons who could take any interest in said land at any time under any possible conditions or contingencies or under any possible construction of the will; and therefore the title to the land in fee simple is in the plaintiffs and can be alienated, conveyed, transferred and mortgaged by them. And that the facts stated in the answer show that the joinder of all the plaintiffs in the mortgages in question will operate to mortgage and pledge the full indefeasible fee title to said land free of any claim of any persons who may now or hereafter assert any adverse claims thereto. That therefore the plaintiffs have complied with their part of the contract pleaded in plaintiffs' petition and are entitled to the performance of said contract by the defendant.

"3. It is the opinion of the court that the grounds of said demurrer are well taken. If the possibility mentioned in the argument should occur and the children of testator should all die before their mother, the fee title would pass, if not under the will, by intestate succession. No remainder over it is created by the will in favor of any class or individual. Hence no such individual or class could in the supposed contingency take under the will. The fee title of the testator in the supposed contingency would be held to have descended as intestate property to the

identical persons named as the remaindermen in the will. There-fore the mortgage joined in by the widow and all of the children will encumber the entire fee title under any possible hypothesis since the plaintiffs will take and hold it either under the will or by intestate succession. Any interest the plaintiffs possess is alienable.

"The court therefore hereby orders and adjudges that the demurrer of the plaintiffs to defendant's answer be and the same is hereby sustained. To which ruling and order the defendant duly excepts.

"P. J. Klinker, Judge."

In division I it is argued by appellant:

"The trial court erred in sustaining the first, fifth and sixth grounds of plaintiffs' demurrer, namely, that the facts stated in defendant's answer show that the title of plaintiffs is good and merchantable; that the will of William Bahls devised to his said children a vested remainder, possession only of the land being postponed; and that if said will devised a contingent remainder, such contingent remainder is alienable, and that said contingent remaindermen can execute a valid mortgage creating a first lien thereon."

The argument is that the will provides for a life estate in the whole property in the will, only during the natural life of the widow, or while she shall remain unmarried; (2) in the event of her remarriage, one-third is set apart to her; (3) if she dies intestate, then all her property of testator's goes to testator's children surviving her.

It is true that in the latter contingency the children of tes-tator, those surviving the widow, take the property. In the event, however, the testator's children died before the widow then there is a partial intestacy for the will does not say or point out who shall, in such event, take the property. To whom then would the property go? Clearly, to the descendants of testator's children, that is, to the children of the children of the testator.

We have the widow and all the children of testator joining in the mortgage; all who have any rights in the property at the time of the execution and delivery of the mortgage. Clearly, they would all be estopped, and likewise the parties claiming under them, would be estopped, and barred by the mortgage. In the

event one or more of the children predecease the widow, the living children under the will would then take the whole estate.

In the event all of the children are dead, the estate, under the laws of descent, would go to the offspring of the children, perhaps *per stirpes*. The only way that any child or children so left could inherit or take, would be by reason of the partial intestacy.

We have in this state a statute, now section 10042, as follows:

"Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used."

This statute has been of long standing in the State of Iowa, appearing verbatim in section 1201 of the code of 1851, repeated in the revised code of 1860 at section 2209; in code for 1873 in section 1930, code of 1897 at section 2914, and in the present code at section 10042, as stated. So, ever since Iowa was a state, practically, it has been the law of Iowa.

So we have in this case, in the event of the death of the widow, all the parties who could possibly take under the will at least as long as any one of the children of the testator lives. Therefore, in the event of the death of the widow and all of the children, there would be a partial intestacy, and no one could be an heir or take by reason of the partial intestacy unless he or she were a descendant of some of the parties joining in the deed.

Therefore, this case resolves itself down to what would happen if all the children were deceased prior to the death of the widow, which is a remote contingency. But the will speaks for the testator. He left an estate here, if the whole record is to be regarded, that shows there is a portion of his estate which was not devised, which would come under the laws of inheritance, and each of these children inherit that right, now deferred, of course, to the death of the widow. So that any heirs of any of the deceased children who have joined in the deed could take only through their parent given an interest in the land by the will. This left an undevised remainder after the death of the widow surviving all the children, but these all join in the conveyance (the mortgage is a conveyance, and would certainly make a good title). Hence, it seems to us there is no question that the mortgaged property conveyed a fee simple title. Of

course this mortgage is only for security, to raise money to pay off an existing mortgage, which, in the event the existing mortgage is paid off by the proceeds of the mortgage to be negotiated, then of course the holders of that mortgage would be subrogated to all of the rights of the preceding mortgage paid off. But this is beside the question. Assuming even that the land is now without any liens or claims against it, the parties denominated in the will to take are all parties to the mortgage, and under section 10042 we are at a loss to comprehend how it is possible that the mortgage in question was not valid, would not enable the holder of the mortgage to foreclose to get a fee simple title. This reasoning is supported by McDonald v. Bank, 123 Iowa 413, 98 N. W. 1025, 1026; Bisby v. Walker, 185 Iowa 743, 747, 169 N. W. 467, 171 N. W. 152; Rice v. Kelso, 57 Iowa 115, 7 N. W. 3, 10 N. W. 335; Hintz v. Hintz, 176 Iowa 392, 393, 157 N. W. 878; Oxford Sav. Bank v. Hall, 203 Iowa 320, 211 N. W. 389; Noonan v. State Bank, 211 Iowa 401, 233 N. W. 487, 488; McNair v. Sockriter, 199 Iowa 1176, 201 N. W. 102.

In the McDonald case it was held that the contingent interest of the remaindermen is such a present and existing one as to be susceptible of conveyance by deed. The court therein says:

" 'An interest' in land is the legal concern of a person in the thing or property, or in the right to some of the benefits or uses from which the property is inseparable. 4 Century Dictionary 3142. It may be conceded for the purposes of this case that the plaintiffs, at the time of making the quitclaim deed, were contingent remaindermen, having only a possibility of ever coming into possession; *but, however remote and uncertain this remainder may have been, there was still a possibility, coupled with an interest, which might at some future time ripen into an estate.* 1 Tiffany's Real Property 306. At the time the deed was executed, James McDonald was unmarried and without issue. If he died without issue, and the plaintiffs survived him, they would immediately come into possession of the estate under the provisions of the testator's will. True, this contingency might never happen, but there was a possibility that it might; and this possibility created, in our judgment, a contingent interest or concern in the land which existed at the time of the conveyance."

In Bisby v. Walker, it was held that a *contingent* remainderman who mortgages the lands in question with warranty of

title and seizin, or mortgages the lands without such warranty of title, and with the asserted intent in the mortgage to convey a fee, is estopped to deny that the subsequently acquired vested remainder inures to the benefit of the mortgagee, even though, after the execution of the mortgage, and prior to the vesting of said remainder, the mortgagor had been discharged in bankruptcy.

In Rice v. Kelso it was simply decided that a mortgage of lands not owned by the mortgagor, will attach and become a lien thereon, there being no intervening equities, the moment the mortgagor acquires title to the land, and it cannot be divested by, or rendered subordinate to, the lien of subsequent judgments.

In Noonan v. State Bank of Livermore, it is held that the interest of a bankrupt as a real estate remainderman, whether the interest be vested or contingent, passes to the trustee in bankruptcy. In this case the court said:

"If it is held that the interest taken by the plaintiff was a contingent remainder, then, under the federal statute, the question arises: Could the plaintiff 'by any means have transferred' his interest in this property? We have settled this question in the case of McDonald v. Bayard Sav. Bank, 123 Iowa 413, 98 N. W. 1025, where we held, in fact, that the contingent interest of a remainderman is such a present and existing one as to be susceptible of conveyance by deed."

While the foregoing discussion, we think, disposes of all the determinative questions in this case, yet it appears to us that we have before us all the parties who might have any interest in the property under the will, the parties who, in the case of a partial intestacy, would have any legal claim to take any interest in the property, so that it is clear to us, in the event of the death of the widow, under the record in this case, the mortgage proffered having been joined in by the widow and all who could possibly claim under the will, or could claim in even a partial intestacy, the holder of said mortgage would have the right, in the event of the death of the widow, to foreclose by a proper action and obtain a deed thereto, with full and indefeasible title to the property covered by the mortgage. This conclusion also is supported by the following authorities: Archer v. Jacobs, 125 Iowa 467, 101 N. W. 195; Buchan v. German American Land Co., 180 Iowa 911, 164 N. W. 119, L. R. A. 1918A, 84; Harris v. Randolph,

213 Iowa 772, 236 N. W. 51. These cases we think support our conclusion in such a way that there can be no question as to the correctness of the same, on this ground alone, as well as the other grounds hereinbefore set out.

We think these are the determinative issues in the case and that the conclusion we have reached is the only conclusion that could be reached on the facts. Therefore, in conformity with these facts and our views, the case is hereby affirmed.—Affirmed.

RICHARDS, C. J., and MITCHELL, ANDERSON, STIGER, KINTZINGER, and DONEGAN, JJ., concur.