STATE SAVINGS BANK of Council Bluffs, Appellant, v. PEARL MAY BOLTON et al., Appellees.

No. 43580.

MAY 4, 1937.

Baird & Baird, for appellant.

John J. Hess, for appellees, with the exception of L. H. Bolton.

PARSONS, J.—This is an action by the bank for foreclosure of a mortgage given by Pearl May Bolton and L. H. Bolton, her husband, covering, in the language of the mortgage:

"Our undivided interest in the fractional North Half of Northeast Quarter (N½ NE¼) and the South Half of Northeast Quarter (S½ NE¼) of Section Two (2), Township seventy-four (74), Range forty-one (41), and the East half of Southeast Quarter (E½ SE¼) of Section Two (2), Township seventy-four (74), Range Forty-one (41), Pottawattamie County, Iowa."

The note secured a mortgage and was in the sum of $2,500, with interest at six per cent per annum, payable semi-annually, and due November 1, 1932, and contained an acceleration clause. Not only was the principal in default, but interest due May 1, 1933, was in default in the amount of $89.03, and $3.00 that had been expended for continuance of abstract. There were several parties made defendants in the case.

All the defendants, other than Pearl May Bolton and Mary E. Kerney, alleged in their answer that the mortgage did not constitute a lien upon the premises set out in the petition for the reason that title vested in the widow of Perry Kerney during her lifetime and that the makers had nothing to mortgage. Pearl May Bolton filed a separate answer alleging that she did not own the property in question at the time of making the mortgage, but admitted she signed the alleged note and mortgage, and that the same are now due.

The bank replying to separate answer of Pearl May Bolton, alleged that she had a title in said real estate at the time she executed the note and mortgage, and that her interest in said real estate was such as to be the subject of a mortgage; and alleged that by her previous acts and conduct Pearl May Bolton was estopped from denying that she had any interest in the property at the time she made the mortgage.

In a reply to the separate answer of the other defendants, the bank denied that title was vested in the widow of Perry Kerney, and alleged in lieu thereof she had the life estate in said property with remainder to the answering defendants, except for the bank's lien on the undivided one-third interest of Pearl May Bolton in said estate.

In an amendment to its reply to the separate answer of Pearl May Bolton, it denied specifically her allegations "that at the time said mortgage was filed she did not, in truth and in fact, own the property described therein."

Subsequently an amendment to the petition was filed making Mary E. Kerney a party defendant. Mary E. Kerney filed answer admitting she was the widow of Perry Kerney, and stating she was bequeathed all of the property of Perry Kerney for her use and benefit during the term of her natural life; that during the term of her natural life she was the sole beneficiary under the will, and that her possession and use and right to sell and dispose of said property could not be interfered with during the term of her life; and alleged that the bank could not enforce the rights of its mortgage during her lifetime so as to interfere with the bequest of the property to her.

Reply to this defendant was made by the bank, admitting Mary E. Kerney was bequeathed all the property of which Perry Kerney died seized "for her use and benefit for and during the term of her natural life"; alleged that its right to enforce its mortgage would not interfere with defendant's use and enjoyment of the property bequeathed to her for her use and benefit for and during the term of her natural life.

It appears from the record in this case that Mary E. Kerney was the widow of Perry Kerney, who owned the land in controversy during his lifetime. Kerney died leaving a will, which reads as follows:

"It is my will that after my death my executrix herein-

after appointed shall, as soon as possible, use such portion of my estate as may be necessary therefor for the payment of my just debts and expenses of my last sickness and burial.

"That subject to the payments directed in paragraph one herein, I will, devise and bequeath to my beloved wife, Mary E. Kerney, all of my property of every kind and character for her use and benefit for and during the term of her natural life.

"Upon the death of my beloved wife, Mary E. Kerney, I will, devise and bequeath all of my estate at that time remaining as follows, to wit:

"To my beloved granddaughter, Cecil Nellie Kerney, I give, devise and bequeath the sum of $3,000 to be paid to her out of my estate then remaining and I direct that my Executrix in addition to the above, use such portion of my estate as shall be required to give said Cecil Nellie Kerney a good education.

"The balance of my estate remaining at the death of my wife after the payment of the aforesaid sum to my granddaughter, as above stated, I give, devise and bequeath to my three children, N. W. Kerney of Lincoln, Nebr., Pearl May Bolton, wife of L. H. Bolton of Sioux City, Iowa; and Lela Maude Carter, wife of C. T. Carter of Treynor, Iowa, share and share alike, excepting that any moneys advanced by me prior to my death to any of said children, or any notes signed by me for any of said children upon which my estate may be liable, shall be considered in said division and charged against the share of such child.

"It is my further will and I hereby appoint my beloved wife, Mary E. Kerney, as executrix of this my last will and testament, and direct that letters be issued to her as such by any court probating this will, without bond."

This will was dated April 6, 1914, and Perry Kerney must have died shortly after this, because his will was probated and letters issued May 4, 1914, and Mary E. Kerney was appointed executrix. The defendant Pearl May Bolton was a daughter of Perry Kerney, and the wife of L. H. Bolton, who had signed the mortgage with his wife.

It was admitted in court that if Cecil Nellie Kerney, a granddaughter named in the will of Perry Kerney, were present at the trial she would testify that no part of the legacy of $3,000 provided for her in the will, had been paid. It was also shown

in the record that Cecil Nellie Kerney is now Cecil Nellie Green.

It appears further in the record that two judgments had been obtained by Pauline Flammant against L. H. and Pearl May Bolton, amounting to $1,464, and costs of $65, and that from the proceeds of the mortgage in suit these judgments had been satisfied, and that the mortgage was made in part for the purpose of paying these judgments; at somewhat of a discount. It also shows that the mortgage of plaintiff was duly recorded.

The cause being submitted to the court, the court rendered judgment for plaintiff and against Pearl May Bolton in the sum of $3,144.89, with interest at 8% per annum, and the further sum of $71.44 attorney's fees, and costs of the suit, and that execution issue therefor. It was further ordered that the foreclosure of plaintiff's mortgage be denied and that the action be dismissed as to all other defendants, to all of which the plaintiff duly excepted. An appeal was taken to this court by the plaintiff.

Section 10042 of the Code reads as follows:

"Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used."

This section originally appeared in the Code of 1851, and has in this form appeared in every Code since. Pearl May Bolton had an interest given her by the will, and that interest passed under the mortgage to the plaintiff bank. We have had occasion to construe this statute many times. The latest case, Bahls v. Dean, 222 Iowa 1291, 270 N. W. 861, was decided in January, 1937, and no petition for rehearing has been filed.

This holding is also supported by McDonald v. Bank, 123 Iowa 413, 98 N. W. 1025, 1026; Bisby v. Walker, 185 Iowa 743, 169 N. W. 467, 171 N. W. 152; Rice v. Kelso, 57 Iowa 115, 7 N. W. 3, 10 N. W. 335; Hintz v. Hintz, 176 Iowa 392, 393, 157 N. W. 878; Oxford Sav. Bank v. Hall, 203 Iowa 320, 211 N. W. 389; Noonan v. State Bank, 211 Iowa 401, 233 N. W. 487; McNair v. Sockriter, 199 Iowa 1176, 201 N. W. 102.

In the McDonald case the court said at page 416:

" 'An interest' in land is the legal concern of a person in the thing or property, or in the right to some of the benefits or uses from which the property is inseparable. 4 Century Dic-

tionary 3142. It may be conceded for the purposes of this case that the plaintiffs, at the time of making the quitclaim deed, were contingent remaindermen, having only a possibility of ever coming into possession; but, however remote and uncertain this remainder may have been, there was still a possibility, coupled with an interest, which might at some future time ripen into an estate. 1 Tiffany's Real Property, 306.''

Speaking of a contingency, the opinion further says: ''True, this contingency might never happen, but there was a possibility that it might; and this possibility created, in our judgment, a contingent interest or concern in the land which existed at the time of the conveyance.''

In the Noonan case it was held that the interest of a bankrupt as a real estate remainderman, whether the interest be vested or contingent, passed to the trustee in bankruptcy.

If the doctrine of these cases is the law, and it has been held to be the law, we fail to see why, when Pearl May Bolton gave a mortgage to the bank, it did not carry all her interest, vested or contingent, and make a lien against that interest in favor of the bank, and why that lien cannot be protected in equity in a foreclosure proceeding, or why it cannot be foreclosed. It appears to us to be without question.

The district court was right in rendering judgment on the note against Pearl May Bolton, but we think it was wrong in denying foreclosure of the mortgage as against her interest in the land. True, she could not take the land, or claim any present right in it, until the death of Mary E. Kerney.

The will of the deceased also contained the clause giving to Cecil Nellie Kerney $3,000, to be paid out of his estate then remaining after the death of his wife, and of course, this interest should be protected in the decree of foreclosure.

So it is our opinion that the case must be reversed and should be remanded to the district court of Pottawattamie county for further proceedings, and in these proceedings the court should enter a decree foreclosing the mortgage, but subject to the rights of the life tenancy of Mary E. Kerney, and subject to the right to have paid out of the estate the bequest to Cecil Nellie Kerney, now Cecil Nellie Green, and then out of whatever is left in the balance of the estate, at the decease of Mary E. Kerney, the portion which was willed to Pearl May

Bolton should be subjected to the payment of plaintiff's mortgage, but with the qualifications or limitations hereinbefore suggested, and that execution be issued on entry of decree for sale of the mortgaged premises.

Therefore, in accordance with our opinion in this matter, the decision of the lower court is hereby reversed and remanded for the purpose of entering a decree in accordance with this opinion.—Reversed and remanded with instructions.

RICHARDS, C. J., and KINTZINGER, ANDERSON, DONEGAN, and SAGER, JJ., concur.