NELSON L. DUTTON *vs.* J. A. McREYNOLDS.

July 18, 1883.

Lien of Judgment—Prior Unrecorded Conveyance.—A judgment, docketed against one who had been seized of real estate, and in whom the title still appears of record, becomes a lien upon the property, notwithstanding a prior unrecorded conveyance of it by the debtor, the judgment creditor having no notice of such conveyance.

Notice—Title—Possession Consistent with Record Title.—Where one gives notice to the world of his estate in land by a proper record of a conveyance to himself, a possession by him, which is justified by the record title, is presumptively referable to it, and is not notice of any other and unrecorded title which he may have subsequently acquired.

Equitable Relief—Laches of Injured Party.—An unexcused delay of more than two years, after knowledge of the facts, in seeking relief on the ground of mistake, (from plaintiff's own negligence,) *held* to justify a refusal of relief, the adverse and innocent party having in the mean time come to occupy a position from which he might be prejudiced if the relief sought should be granted.

Plaintiff brought this action in the district court for Steele county, alleging himself to be owner in fee of certain lands in that county, and praying that a judgment and an execution sale, under which defendant claimed title to the lands, be set aside and declared to be not a lien thereon. A jury was waived, and the action tried by *Buckham*, J., who found the facts to be as stated in the opinion, and ordered judgment in favor of defendant. Plaintiff appeals from an order refusing a new trial.

*Wheelock & Sperry*, for appellant.

*A. C. Hickman*, for respondent.

DICKINSON, J. The plaintiff sold and conveyed a tract of land to Isaac W. Ferguson, Stephen Ferguson, and Dana P. Sawyer, taking back a mortgage from the grantees upon the same land to secure the purchase price, $3,000. The deed and mortgage were recorded. Afterwards, in October, 1876, the two Fergusons conveyed to Sawyer, their co-tenant, by deed of quitclaim, all their title in the land. This deed was not recorded until October, 1879. After this conveyance to Sawyer, but before the recording of the deed, viz., in May, 1878, the defendant, who had not then actual notice of the conveyance from Ferguson to Sawyer, recorded and docketed a judgment against Isaac W. Ferguson and one Ruliffson for the recovery of the sum of $45. At the time of the docketing of the judgment, Sawyer was occupying the land in question; no other person being in the actual occupancy of the premises. No part of the purchase price secured by the mortgage was paid, and in October, 1879, Sawyer reconveyed the land to the plaintiff, without other consideration than the surrender of the notes given for the purchase price. The plaintiff, receiving and recording this deed of conveyance, then (October, 1879,) discharged the mortgage, having no actual knowledge of the judgment against Ferguson, or of the lien thereby created. In February, 1881, the de-

fendant caused the land to be sold under execution issued upon his judgment, and became himself the purchaser, at the price of $77.17. The only relief specifically prayed for in the complaint is the setting aside of the execution sale, and an adjudication that the judgment was not a lien upon this land. The general prayer for relief is added. The plaintiff now asserts an equitable right to have his mortgage re-instated as a subsisting lien superior to that of the judgment.

The judgment against Ferguson (the creditor having no notice of the conveyance made by him) became a lien at the time of its docketing upon the undivided one-third of the land. The title had been in Ferguson, and it so appeared of record. The unrecorded deed by which his interest had been conveyed to Sawyer was void as to the judgment creditor. Gen. St. 1878, c. 40, § 21.

The occupancy by Sawyer alone did not constitute notice to the defendant of the extinguishment of Ferguson's title, or that it had become vested in Sawyer. This defendant, recovering a judgment which would become a lien upon all of the real estate of Ferguson, is to be presumed to have had knowledge of the recorded deed to Sawyer and the Fergusons, and hence to have known that the judgment debtor was a tenant in common with Sawyer. Sawyer's possession under that conveyance was rightful and not inconsistent with a continuance of the co-tenancy of Ferguson. It did not, therefore, put the defendant upon inquiry, when he was about to prosecute his claim to judgment, as to whether the co-tenant, Ferguson, had parted with his estate. Where one gives notice to the world of his estate in land by a proper record of a conveyance to himself, a possession by him which such recorded title justifies is to be presumed to have been under such title, and it is not notice of any other title which he may have subsequently acquired, but which, through his neglect, has not been recorded. *Palmer* v. *Bates*, 22 Minn. 532; and see *Plumer* v. *Robertson*, 6 Serg. & R. 179; 2 Lead. Cas. in Eq. 183.

The circumstances justified the court in refusing to restore the plaintiff's mortgage. It appears from the case that plaintiff learned of the entry of the judgment only a short time after he had discharged his mortgage, and that he then notified the defendant of the facts in regard to his title and mortgage, and sought to have the defendant

cancel his judgment. It does not appear that he claimed the right or expressed a wish to have his mortgage restored, and the lien of the judgment subordinated to it, or that he was willing to concede to the defendant any lien upon the property, or right of redemption from the mortgage. He did not, for more than two years after full knowledge of the facts, and for almost one year after the execution sale, seek relief from his own act of negligence, but in the mean time suffered the defendant to enforce, by the usual legal process, his legal lien by a sale of the land. His judgment was thereby satisfied. The delay is not satisfactorily excused. The case is within the class where equitable relief is often refused because the party seeking it has slept upon his rights until the adverse party has been placed in a position to suffer injury if the remedy tardily sought should be granted.

The propriety of the application of the rule in this case is apparent, also, from the consideration of the fact that it is from the consequences of his own negligence that the plaintiff seeks relief, and in respect to which the defendant is not at fault; and from the further fact that, by redeeming from the execution sale, which will involve an expenditure of about $100, he can, without the intervention of a court of equity, obtain all the advantage which the court could confer upon him. It appears that, by the stipulation of the parties, the right to redeem is still open to him, notwithstanding the lapse of the statutory time allowed therefor.

Order affirmed.