### BANNER and others *v.* WARD and another.

*(Circuit Court, D. Minnesota. February 26, 1884.)*

RECORDING ACTS—CONSTRUCTIVE NOTICE—POSSESSION.
When the vendee of land does such acts thereon that reasonable inquiry would reveal his possession, a subsequent purchaser is affected with notice of his title though his deed is not recorded.

A suit is brought by the executors and trustees of Harwood W. Banner, deceased, aliens, and citizens of England, to set aside and cancel a certificate issued by the sheriff of Martin county, Minnesota, to the defendants, on a sale of real estate under a judgment obtained by them against H. F. Shearman. Shearman is the common source of title, and the land in controversy is situated about 13 or 14 miles from the town of Fairmont, where the defendants reside. The will of Banner is admitted to probate in Martin county, and the complainants are recognized as trustees and executors. Deeds of the land from Shearman to the deceased were executed respectively March 6 and 23, 1874. The defendants' judgment was docketed January 3, 1878.

*W. D. Cornish,* for complainants.

*Warner & Stevens,* for defendants.

NELSON, J. The complainants insist the relief prayed for should be granted, and the title decreed to be in them by virtue of the deeds

executed to their devisor and admitted to record four years previous to entry of judgment against Shearman. Shearman is the common source of title, and unless the deeds are notice of title in his grantee by virtue of the record, or his possession is so notorious as to indicate claim of title when the judgment was docketed, the complainants are not entitled to a decree. Two deeds were drawn and executed in England, conveying, in the first one, the S. E. ¼ of section 13, town 101, range 29, and in the second, the W. ½ of the same section. It is claimed these deeds were not properly acknowledged, and, although admitted to record, were not constructive notice of title. The complainants' right to relief does not necessarily depend upon the registry of the deeds, and this question will not be discussed. They transferred the title; but the defendants urged that, by virtue of the law of the state, the deeds are void as to them. The defendants obtained judgment against Shearman January 3, 1878, and execution issued May 17, 1879, and the sheriff levied upon and sold the land July 5, 1879, giving the defendants a certificate as purchasers, which was duly recorded.

It may be conceded that the defendants can invoke for their protection chapter 58, Minn. St. 1858, which enacts, in substance, that "a conveyance not recorded shall be void against judgment creditors" unless the facts proved in regard to possession are sufficient to warn all persons asserting liens or suggest inquiry into the condition of the title at that time. Banner, after his purchase, sent one Sutherland as his agent from England to make improvements and manage the property; and the evidence is clear that he took all the necessary steps to hold the S. E. ¼ of section 13, town 101, range 29, and his possession as Banner's agent was notice of the latter's rights. *Morrison* v. *March*, 4 Minn. 422, (Gil. 325.) The defendants have no better standing in court than a *bona fide* purchaser without actual knowledge of Banner's possession; and the failure to make inquiry to obtain knowledge of the facts about the land is willful neglect, and equivalent to actual notice of possession to the extent of this quarter section, which was embraced in the deed of March 6, 1874. The W. ½ of this section is prairie land, uninclosed, and was conveyed to Banner by deed executed March 23, 1874. Sutherland, as agent, has asserted ownership for the grantee over this land since 1874; he authorized grass to be cut, planted slips or cuttings of the cottonwood tree at the corners as early as 1875, and after a house and barn were built in 1877, upon the S. E. ¼ of the section, leased the W. ½, in connection with the first tract, to tenants for pasturage and cutting hay. Rork, Arnold, and Shepardson were successively tenants; and the latter two cut grass and pastured sheep upon the W. ½ of the section. It was recognized in the sparsely-settled neighborhood as "Sutherland's land" and has been occupied in this manner from 1874 to 1882. These facts show possession sufficiently notorious and exclusive, when the condition and character of the land is taken into consideration, to

compel inquiry in regard to the title; ordinary prudence would suggest it.

The judgment creditors never saw the land. It was located many miles from their residence, in a sparsely-settled part of the country, and the nearest cultivated tract, except the adjoining S. E. ¼ of the section, was three or four miles distant; so that the least inquiry of the farmers and laborers in the vicinity would have put any one, who desired to ascertain the ownership, in the way of obtaining the information. It should have been made; and if the defendants had exercised ordinary care, this litigation would have been avoided.

The cases cited by defendants' counsel are not in point. In *Dutton* v. *McReynolds*, 16 N. W. Rep. 468, the land was conveyed to three persons as tenants in common; one went into possession and subsequently purchased the interest of his co-tenants, but failed to record the deed executed and delivered to him, before a judgment was docketed against one of his grantors, and the court held that the continued possession of the grantee was not notice of his claim of title or possession under the unrecorded deed from one of his co-tenants.

It is my opinion that the defendants gained nothing by the sale under the judgment, and the complainants are entitled to a decree, which is granted.