James O'Neill v. C. S. Wilcox, A. E. Robert, Appellant.

Quieting Title: PARTY OUT OF POSESSION. Under Code, section 4223, providing that an action to quiet title may be brought by anyone claiming to have an interest therein, a purchaser of property who never received a deed thereof could maintain a suit to quiet title against a subsequent grantee of his vendor.

POSSESSION: *Notice of equities.* Where a purchaser of realty, who received no deed, placed a tenant in possession, the grantee of a subsequent quitclaim deed will be deemed to have had notice of such purchaser's equities.

LACHES. Where a purchaser of land made no demand for a deed until after eight years after the purchase, he did not forfeit his right by laches; the property having been occupied by him up to the time of a subsequent purchase of the same by another.

LIMITATION OF ACTIONS. The right to sue to quiet title is not barred by limitations to a purchaser who sued within two years after his right to possession was disturbed.

Evidence: TRANSACTION WITH DECEDENT: *Interested witness.* In a suit to quiet title, the agent of the plaintiff's vendor from whom plaintiff purchased, not having any interest in the suit is not barred from testifying as to his authority after the death of his principal, by Code, section 4604, providing that any person interested in any proceeding shall not be a witness in regard to any personal transaction between such witness and a deceased person.

AGENCY: *Oath of agent.* In a suit to quiet title the testimony of the agent of plaintiff's vendor is competent to establish such agency.

HARMLESS ERROR: *Best evidence.* Where, in a suit to quiet title, the authority of the agent from whom plaintiff purchased was established by other evidence, an objection to the admission of the record of a power of attorney authorizing the person from whom the agent obtained his authority to sell the property, as not the best evidence, was immaterial.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

MONDAY, OCTOBER 21, 1901.

PLAINTIFF claims to have purchased of defendant Wilcox three lots in the town of Oxford, for which he has never received a deed. The prayer of the petition is that a deed be ordered made by Wilcox, and that plaintiff's title be quieted against Rohert, who also claims title to said lots by a purchase from Wilcox, made subsequent to plaintiff's contract. There was a trial of the issues between plaintiff and Rohert, which resulted in a decree in the former's favor. Rohert appeals.—*Affirmed.*

*Ranck & Bradley* for appellant.

*Baker & Ball* for appellee.

WATERMAN, J.—Wilcox died before trial, and no substitution was made. In this state of the record the issue between plaintiff and Rohert was tried. This was proper, for one who has an equitable title only may maintain an action to quiet it. Code, section 4223; *Rankin v. Miller,* 43 Iowa, 11.

II. The evidence offered on behalf of plaintiff tended to show that he purchased the lots in question through one J. W. Wilson, who it is claimed was an agent of Wilcox. Wilson was introduced as a witness, and testified to his authority, and to the fact that his compensation was 10 per cent. on the amount of the sales. Objection was made to this testimony, under section 4604 of the Code, on the ground that Wilson, being interested in the result of the action, could not testify to any personal transaction with Wilcox, deceased. It does not appear that he has any interest in the result of this action. So far as is disclosed, he may have been paid his commission at the time of the sale, and, if so, any claim to recover it back would be barred by limitation. Aside from this statute, Wilson's testimony was competent to establish his agency. *O'Leary v. Insurance Co.,* 100 Iowa, 390. We think it sufficient to say, without detailing the facts given in evi-

dence, that the trial court was justified in finding that Wilson had authority as agent to make the sale to plaintiff.

III.    As one source of Wilson's authority, plaintiff pleaded that the sale to him was authorized by one Augusta Wilcox, who held a power of attorney from C. S. Wilcox and wife which empowered her to make the sale. On this branch of the case the record of this instrument was offered in evidence. Objection was made that it was not the best evidence; that the original should have been produced, or a showing made that it was not obtainable by plaintiff. Whatever merit there may be in the objection is rendered nugatory by the fact that the other evidence of Wilson's agency was sufficient to establish such relation.

IV.    Plaintiff went into possession of the property when he purchased, and was holding such possession through a tenant at the time of the subsequent sale to Rohert. This was sufficient notice to the latter of plaintiff's rights. Possession by a tenant is constructive notice of the landlord's title. *Dickey v. Lyon,* 19 Iowa, 544; *Nelson v. Wade,* 21 Iowa, 49; *Hannan v. Seidentopf,* 113 Iowa, 659. In addition to this, it may be stated that Robert took title through a quitclaim deed, and is therefore charged with notice of plaintiff's equities. See *Hannan v. Seidentopf, supra,* with cases therein cited.

V.    The sale to plaintiff was made in the year 1885. No demand for a deed was made by him until this action was brought, in 1893. Some claim is made that he forfeited his rights because of laches. No reasons are given in support of this contention that seem to us of weight. Counsel, in discussing this branch of the case, assume that the land was unoccupied during this period. Without saying that this fact would aid appellant, it appears, as we have already said, that plaintiff was in possession up to the time of Rohert's purchase.

VI. The statute of limitations is also invoked as a defense. Plaintiff was not disturbed in his rights until the sale to Rohert, which was made on September 14, 1891. Within two years thereafter he began this action. It is manifest from these facts that there is no merit in this defense.—AFFIRMED.