First National Bank of Paris *v.* Gray.

Opinion delivered February 16, 1925.

Mortgages—notice of rights of tenant in possession.—The possession of a tenant or lessee is not only notice as against a subsequent mortgagee of all his rights and interst connected with or growing out of the tenancy or lease, but is also notice of all interests he may have acquired through subsequent or collateral agreements.

Appeal from Logan Chancery Court, Northern District; *J. V. Bourland,* Chancellor; reversed.

*Robert J. White* and *Kincannon & Kincannon,* for appellant.

Appellee, having knowledge at the time he took the mortgage that Caldwell was in possession of the land, took subject to any claim or interest of Caldwell, or any one claiming under him in the land.   145 Ark. 306, 309, 310; 101 Ark. 163 168-9; 137 Ark. 538, 543.

*Holland, Holland & Holland,* for appellee.

Possession of land by a person generally known to be a mere tenant, as is the case here, is not the character of possession required to put a purchaser on notice that the occupant has any right other than that of a tenant Possession, to charge a purchaser with notice, must be unambiguous, not liable to be misunderstood or misconstrued by the public. 128 Fed. 293; 30 So. 991; 85 Ala. 585, 5 So. 309.   By failure to record his deed, Caldwell and those claiming under him  are estopped to rely thereon as against one who has been led to believe in its

non-existence.  3 Devlin on Deeds, §§ 626, 626a.  See also 70 Ark. 256, 260 261.

SMITH, J.  This appeal involved the priority of a mortgage securing a note acquired by the First National Bank of Paris, Arkansas, for value, in due course of business, as an innocent purchaser, and the litigation arose out of the following facts:

A. L. Gray owned a certain tract of land in the Northern District of Logan County.  He had rented the land in 1918 to J. M. Caldwell, who moved on to the land and occupied it as the sole tenant during the years 1918 and 1919, and, on February 13, 1920, Gray conveyed the land by warranty deed to Caldwell.  The consideration for this deed was $500 cash and five notes, each for $500, the first of which fell due November 1, 1921, and one note each year thereafter.  Caldwell paid no rent after his purchase, except that he did pay rent for one year, under an order of the court, after a receiver had been appointed to take charge of the land, and this was paid subject to the court's order.  There was no showing of any visible change in the character of his possession, and the deed was not filed for record until the 27th day of October, 1921.

T. C. Gray testified that A. L. Gray applied to him for a loan of a thousand dollars, and proposed to secure the note evidencing the loan by giving a mortgage on the land. T. C. Gray caused the records of the clerk and recorder to be examined, and, after being advised that there was no prior lien against the land, T. C. Gray made the loan on September 12, 1921, and took a mortgage on the land to secure it, and this mortgage was duly recorded on September 15, 1921.  T. C. Gray knew that Caldwell was on the land, and he made no inquiry to ascertain what interest Caldwell had.

Is this mortgage lien prior to the deed?  The court below held that it was, and, upon this finding, decreed accordingly, and this appeal involves the correctness of that decision.

In the case of *American Bldg. & Loan Assn.* v. *Warren,* 101 Ark. 163, this court held: "Actual possession is evidence of some title in the possessor, and puts the subsequent purchaser or mortgagee on notice as to the title which the occupant holds or claims in the property. Generally actual, visible and exclusive possession is notice to the world of the title and interest of the possessor in the property, and it is incumbent upon the subsequent purchaser or mortgagee to make diligent inquiry to learn the nature of the interest and claim of such possessor; and, if he does not do so, notice thereof will be imputed to him" (citing authorities).

It is pointed out that there are certain exceptions to the general rule quoted, and it is stated that one of these exceptions is that, if a tenant in possession, even though his possession was exclusive, as was that of Caldwell in the instant case, continues in possession without exercising any acts of ownership of such character as to indicate a charge in the nature of the possession, such as the making of extensive improvements, notice will not be imputed to a subsequent purchaser or mortgagee of the tenant's title.

In § 486 of the chapter on Vendor and Purchaser, in 27 R. C. L., page 722, it is said that "the fact that a person was, prior to his purchase, in possession as a tenant or the like, does not, according to the better view, prevent his continued possession from being notice of his rights."

In the notes to the text quoted the following annotated cases are cited: *Carr* v. *Brennan,* 57 A. S. R. 119; *Crooks* v. *Jenkins,* 104 A. S. R. 326; *Phelan* v. *Brady,* 8 L. R. A. 211; *Bell* v. *Twilight,* 45 Am. Dec. 367; *Niles* v. *Cooper,* 13 L. R. A. (N. S.) 49.

Many cases bearing on this question are cited in these annotated cases.

The case of *Crooks* v. *Jenkins, supra,* itself contains an extended review of the cases on the subject. In that case Justice Ladd, speaking for the Supreme Court of Iowa, said: "The plaintiff took the mortgage without

notice of the deed to Patterson (the tenant), other than the possession of the premises afforded. The doctrine that a purchaser of real estate—and a mortgagee has been held to be such—takes the same charged with notice of the equities of a person, other than the vendor, in possession at the time of the purchase, is not questioned. *O'Neill* v. *Wilcor,* 115 Iowa 15, 87 N. W. 742. But, like other general rules, this has its exceptions. Thus, when possession is consistent with the record title, it is presumed to be under such title, and is not notice of outstanding, unrecorded equities. (Citing cases). This is on the ground that, having given notice to the world of his estate in land by a proper record of a conveyance to himself, a possession justified by said recorded title is to be presumed to have been under such title, and is not notice of any other which he may have subsequently acquired, but which, through neglect, he has failed to record. *Dutton* v. *McReynolds,* 31 Minn. 66, 16 N. W. 468. So too, where a vendor remains in possession after a conveyance, such possession, unless long continued, is not notice to subsequent purchasers of any rights reserved inconsistent with his conveyance. (Citing cases). Such possession is to be presumed to be continued by the sufferance of the purchaser. Appellant contends that there is still another exception, to the effect that possession begun under one kind of right is not notice of another or different interest subsequently obtained by the occupant, unless circumstances direct the purchaser's attention to the change of title, and thereby operate as actual notice. The authorities ordinarily cited by text-writers cannot be said to sustain this proposition."

The learned justice then proceeded to review the cases cited as so holding, and distinguishes them, and, after having done so, he proceeded to say: "Indeed, we have discovered no case holding that the notice charged by the possession of a tenant is limited to rights incident to his tenancy."

He proceeded further to say: "On the contrary, the doctrine has long prevailed in England that the posses-

sion of a tenant or lessee is not only notice of all his rights and interests connected with or growing out of the tenancy inself or the lease, but is also notice of all interests acquired by collateral or subsequent agreements. *Daniels* v. *Davidson*, 16 Ves. 249. The same rule has been approved by several courts in this country,'' and the cases so holding are cited.

The learned justice concluded his discussion of the question with the following quotation from Pomeroy on Equity Jurisprudence: ''In a note in § 616 of his work on Equity Jurisprudence, Mr. Pomeroy declares that, in his opinion, 'these decisions are much more in harmony with the general doctrine than those others which have speculated and drawn fine distinctions upon the amount of notice derived from the occupant's original right to the possession. The reasons upon which the whole doctrine rests seem to be conclusive. The possession of a third person is said to put a purchaser upon an inquiry, and he is charged with notice of all that he might have learned by a due and reasonable inquiry of the occupant with respect to every ground, source, and right of his possession. Anything short of this would fail to be reasonable and due inquiry.' ''

We have quoted thus extensively from this case because it is directly in point and contains a review of what are regarded as the leading cases on the subject.

We conclude therefore that the learned chancellor erred in holding that the mortgagee was not affected with notice of Caldwell's possession, and the decree of the court below will therefore be reversed, and the cause remanded with directions to enter a decree conforming to this opinion.