PARKS *v.* GRAY.

Opinion delivered March 12, 1928.

1. MORTGAGES—EFFECT OF PRIOR SALE.—One who takes a mortgage with notice that the mortgagor had previously sold the mortgaged land, takes no title, though the mortgage was recorded before the deed.

2. EQUITY—BILL OF REVIEW.—Where a decree has become final, and no error of law appears on the face of the record, the decree will not be subject to review in proceeding by a bill of review.

3. EQUITY—RELIEF BY BILL OF REVIEW.—Relief against a decree because against the preponderance of the evidence will not be granted in a proceeding by bill of review, which cannot be resorted to as a substitute for appeal to bring up for decision questions as to preponderance of the evidence.

Appeal from Logan Chancery Court, Northern District; *J. V. Bourland,* Chancellor; reversed.

*W. L. Kincannon,* for appellant.

*Holland & Holland,* for appellee.

SMITH, J. This is a proceeding by bill of review to modify a decree of the Logan Chancery Court, Northern District, from a portion of which decree an appeal was prosecuted to this court. *First National Bank of Paris* v. *Gray,* 168 Ark. 12, 268 S. W. 616. In the decree thus sought to be reviewed the court had made the following findings of fact:

That on October 1, 1917, George Heim had conveyed to A. L. Gray a tract of land, containing 160 acres, for the consideration of $1,400, and that a balance of $795.30 was then due and evidenced by notes given for the purchase money, which were secured by a vendor's lien; that Heim had assigned these notes to H. Bollwig, then deceased, and the same were held by A. F. Niemier, as executor of Bollwig's estate; that on February 13, 1920, A. L. Gray conveyed to J. M. Cauldwell a 160-acre tract of land, which included 40 acres of the land bought by Gray from Heim, for the consideration of $500 cash and five notes for $500 each, and that Gray had in due course assigned these notes to the First National Bank of Paris as collateral security for certain indebtedness due the bank; that on September 12, 1921, A. L. Gray had executed a mortgage to T. C. Gray, conveying 120 acres of the land sold Cauldwell by Gray, to secure the payment of a note for $1,000, due December 1, 1922; that on February 16, 1920, A. L. Gray conveyed to H. J. Pistole and H. Cowden a quarter-section of land for a cash consideration and six notes for $500 each, and these notes were also indorsed by Gray to the bank. One hundred and twenty acres of the land conveyed by

Gray to Pistole and Cowden were embraced in the deed from Heim to Gray, and the court held that this conveyance was subject to the vendor's lien reserved by Heim for the balance of unpaid purchase money, as was also the 40 acres sold Cauldwell by Gray which was included in the deed from Heim to Gray.

The court declared a lien on the 120 and 40 acre tracts last mentioned in favor of Bollwig's executor, and directed that these lands be sold in satisfaction of these liens. And, subject to the prior lien in favor of Heim, which Niemier, as executor, had acquired, it was decreed that the bank, as the holder of the purchase money notes given Gray by Pistole and Cowden and Cauldwell, had a lien upon the lands in partial payment of which the notes had been executed. It was adjudged, however, that, inasmuch as the mortgage from A. L. Gray to T. C. Gray, securing the thousand-dollar indebtedness due from A. L. Gray to T. C. Gray, had been placed of record before the deed from Gray to Cauldwell had been recorded, Cauldwell had taken title subject to the mortgage lien. Sales of the lands were ordered, and it was decreed that, from the proceeds thereof, the indebtedness be paid in the order of priority as the same had been adjudged in the decree.

No objection appears to have been made by any one to this decree, except that it concludes with the following recital:

"To the findings of fact and declaration by the court that the defendant, T. C. Gray, is an innocent purchaser for value, without notice, and by reason of prior filing of his A. L. Gray mortgage to the filing of record of the A. L. Gray warranty deed to J. M. Cauldwell, held prior and a first lien to cross-plaintiff, First National Bank of Paris, Arkansas, at the time excepted, and prayed an appeal to the Supreme Court of Arkansas, which is granted, and 90 days given to file bill of exceptions."

This appeal was duly prosecuted, and the only question presented for our decision on the appeal from this decree was the question whether the deed from A. L.

Gray to Cauldwell was subject to the mortgage on the same land from A. L. Gray to T. C. Gray.

We reversed the portion of the decree appealed from. See *Bank* v. *Gray, supra,* in which case it was held (to quote the syllabus) that "the possession of a tenant or lessee is not only notice as against a subsequent mortgagee of all his rights and interest connected with or growing out of the tenancy or lease, but is also notice of all interests he may have acquired through subsequent or collateral agreements." The necessary effect of this holding was to declare the mortgage from A. L. Gray to T. C. Gray invalid, for the reason that A. L. Gray had, prior to the execution of the mortgage, previously conveyed the land to Cauldwell.

G. W. Parks, as administrator of the estate of C. S. Parks, deceased, had intervened in this suit, and he alleged that, as administrator of the C. S. Parks estate, he was entitled to be subrogated to the bank's collaterals after the bank had been paid in full, for the reason that his intestate had paid certain portions of the indebtedness due the bank from A. L. Gray, for which his intestate, C. S. Parks, was security to the bank for Gray. The relief prayed by the administrator was granted, and it was "ordered and decreed that the said G. W. Parks, as the administrator of the estate of the said C. S. Parks, deceased, be and is hereby subrogated to the rights of the said First National Bank to said notes, after the said First National Bank is paid in full." This last adjudication was embraced in a separate decree, but both decrees were rendered at the same term of the court.

The opinion of this court on the appeal of the bank was delivered February 16, 1925, and thereafter the attorneys for T. C. Gray obtained from the court below permission to file a "supplemental answer and a petition in the nature of a bill of review," in which it was alleged that there was an error of law apparent on the face of the record in subrogating G. W. Parks, administrator, to the rights of the bank to the notes pledged to the

bank to secure indebtedness due the bank, it being alleged that C. S. Parks was neither the maker, surety nor indorser, nor in any other manner liable thereon or bound by the same, and it was denied that the said C. S. Parks had in fact paid anything thereon. It was further alleged that such sums as were paid by C. S. Parks had been paid on an indebtedness for the security of which the notes indorsed by Gray to the bank had not been pledged as collateral.

To this supplemental answer and petition a demurrer was filed, for the reasons: (1) "As a supplemental answer, it does not state fact or facts, and does not raise any question that has not been adjudicated by this court; (2) as a bill of review, it does not state any new matter or facts or cause as will entitle this court to set aside the decree rendered herein on the 25th day of September, 1923." The demurrer was overruled, whereupon Parks, as administrator, filed an answer, setting up certain payments made by his intestate for Gray, which it was alleged the collateral notes secured.

The court appointed a receiver to take charge of the collateral notes and collect them, and to make a report thereof. The court also referred the testimony taken on these supplemental pleadings to a master, with directions to make findings of facts. This report was made, but exceptions were sustained to these findings. The master found that the mortgage lien claimed by T. C. Gray was void; that the five $500 notes of Cauldwell to A. L. Gray were the property of Gray, "subject to the orders of subrogation to the position of the bank to the extent of $2,589.65 judgment and accrued interest obtained on September 14, 1922, by said bank against A. L. Gray and G. W. Parks, administrator." That said notes carry a reservation of title in A. L. Gray to the quarter section of land sold Cauldwell, and that Parks, as administrator, has a lien on said land by reason of "being subrogated to the position held by the First National Bank of Paris under assignment by A. L. Gray, for collateral security, subject to said sum due T. C.

Gray for taxes advanced.'' Gray having paid certain taxes, the master found that the amount thereof constituted a first lien on the land.

The master further found that the vendor's lien on the Cauldwell land should be foreclosed, and that the proceeds of the sale and other assets in the hands of the receiver should be first applied to the payment of the costs of the suit; second, to reimburse T. C. Gray for taxes paid; third, to the payment of any balance due the bank on the Gray Mercantile Company notes as security for which the Cauldwell notes had been pledged; fourth, to G. W. Parks, as administrator, in satisfaction of the judgment recovered against his intestate, ''which judgment is the basis of the right of subrogation order heretofore made by this court of equity;'' fifth, balance, if any, to be applied on the satisfaction of judgment rendered in this court in favor of T. C. Gray.

The decree denied the right of subrogation as found by the master, and further found that the mortgage for a thousand dollars from A. L. Gray to T. C. Gray was a valid and subsisting lien, ''subject, however, to any balance that may be remaining due the First National Bank of Paris.'' The court found that this mortgage lien had been foreclosed by a commissioner appointed to make sale, and that T. C. Gray was the purchaser at this sale. It was ordered that this sale be approved, and that the commissioner execute his deed to T. C. Gray.

This decree must be reversed, and it will be so ordered. As has been said, the necessary effect of the opinion of the court in the case of *First National Bank of Paris* v. *Gray, supra,* is to hold the mortgage from A. L. Gray to T. C. Gray void, for the reason that A. L. Gray had previously sold the mortgaged land to Cauldwell. No title could therefore have passed by this mortgage, and, upon the remand of this cause, a decree will be entered canceling it.

We are also of the opinion that the court was in error in reopening the question of the right of Parks, as administrator, to subrogation, as that question had

been adjudicated in his favor in the portion of the original decree from which no appeal was ever prosecuted by any one. That decree therefore became and is final, and, as no error of law appears upon the face of the record in which that decree was entered, the decree was not subject to review in this proceeding.

It was held in the case of *Rayburn* v. *Kirk,* 134 Ark. 605, 204 S. W. 611, that a bill of review could not be resorted to as a substitute for an appeal to bring up for decision questions as to preponderance of evidence, it being there said:

"Of course, a proceeding by bill of review could not be resorted to as a substitute for an appeal to bring before us for decision some question of the preponderance of evidence. We could not decide in this proceeding, if we had the testimony heard at the former trial before us, any question dependent upon a finding of preponderance of the testimony, for that was a proper question to raise by appeal."

Parks, administrator, had prayed relief by subrogation in the original proceeding, and that relief had been granted, and the master found, on the resubmission of the question, that he was entitled to this relief. But, whether the preponderance of the evidence supports that finding or not, the right of subrogation was decreed on the original submission, by a decree from which no appeal was prosecuted, and relief against that finding, although it may not, in fact, be supported by the preponderance of the evidence, cannot be granted in this proceeding. The report of the master should therefore have been approved, as it accords with the original decree of the court, and, upon the remand of the cause, a decree to that effect will be entered, and the funds herein involved will be distributed in accordance with the master's findings.

The decree of the court below will therefore be reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.