CUPP *v.* CADY.

4-3825

Opinion delivered April 22, 1935.

*E. A. Williams,* for appellant.

*J. W. Johnston* and *James S. Merrick,* for appellee.

SMITH, J.   This appeal involves the title to a lot 100 by 150 feet, which was a part of a larger tract of land owned on May 27, 1921, by George C. Martin. On that date Martin signed a deed of trust conveying the entire tract, of which the lot was a part, to secure the payment of his note due to the New England Securities Company, but the instrument was not acknowledged until August 10, 1921, on which last-mentioned date it was acknowledged and filed for record.

On July 28, 1921, Martin conveyed the lot to T. A. Fiser, who did not place his deed to the lot of record until March 6, 1924. But on this last date when the deed to Fiser was placed of record there was also filed for record a mortgage from Fiser conveying this lot to the Bank of Morrilton, which title was acquired through foreclosure proceedings by W. E. Cupp.

On January 16, 1928, suit was begun by the trustee for the New England Securities Company to foreclose the deed of trust from George C. Martin above referred to, and a *lis pendens* notice was filed and recorded. Mrs. Mary E. Wells Cady became the purchaser under the decree foreclosing this deed of trust, and received the commissioner's deed on September 20, 1928, which was duly approved by the court.

On June 14, 1933, Mrs. Cady brought this suit against Cupp in ejectment, based upon this commissioner's deed, to recover possession of the lot, and from a judgment in her favor is this appeal.

The deed from Martin to Fiser was executed July 28, 1921, although it was not recorded until March 6, 1924. The testimony shows, however, that Fiser began placing lumber on the lots to build a storehouse as soon as he received the deed, and that all of the building material, of a value of $1,039.49, had been placed on the lot, and the construction of the building was in progress before the deed of trust to the Securities Company had been recorded. The building was not completed, however, until after the deed of trust had been recorded.

The case of *Whittington v. Flint,* 43 Ark. 504, is cited for the affirmance of the judgment of the court below. In that case it was held (to quote the 4th headnote) that: "Possession of the mortgagor, or his privies, including his grantees with notice, will not be adverse, nor bar an action by the mortgagee for foreclosure, or for possession of the land, unless there has been an open and explicit disavowal and disclaimer of holding under the mortgagee's title, and assertion of title in the holder brought home to the mortgagee. The mere taking possession by the vendee of the mortgagor, and continued occupancy by him and his vendees for the period of the statutory bar, their open control and improvement of the land, and payment of taxes thereon as their own absolute property, with the intention of holding it against all comers, will not bar the action.''

We do not intend in any manner to impair the authority of that case; but we do not think it is controlling here. Fiser entered upon, and was in actual possession of, the lot before the deed of trust was filed for record, and this actual possession was notice to the mortgagee whose mortgage was subsequently recorded and all others that the occupant of the lot was claiming an interest therein. This interest was acquired under a deed executed before the deed of trust was recorded, pursuant to which deed Fiser had taken possession. *Hughes Bros. v. Redus,* 90 Ark. 149, 118 S. W. 414; *American Bldg. & Loan Ass'n v.*

*Warren,* 101 Ark. 163, 141 S. W. 765; *First Nat. Bank* v. *Gray,* 168 Ark. 12, 268 S. W. 616. There is therefore no presumption that Fiser and those claiming under him held in subordination to the deed of trust, because Fiser had purchased the lot and entered into its possession before the deed of trust was recorded, and, as a matter of fact, without knowledge of its existence. This possession has been continuous and adverse since it began, and was not broken by the suit to foreclose the deed of trust to the Securities Company, a proceeding to which Fiser was not made a party.

The actual possession of Cupp and his predecessors in title is undisputed for a period of much more than seven years before the institution of this suit, and, as this possession has been in hostility to the deed of trust and not subordinate thereto, judgment should have been rendered in Cupp's favor, and the contrary judgment will be reversed, and the cause remanded, with direction to dismiss appellee's suit for the recovery of the possession of the lot.