## SAN ANTONIO LOAN & TRUST CO. v. RABB.

No. 11030.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 29, 1941.

Rehearing Denied Nov. 26, 1941.

Denman, Franklin & Denman, of San Antonio, for appellant.

Clarence R. Boatwright and G. H. Russell, both of San Antonio, for appellee.

MURRAY, Justice.

Mrs. Leeta Rabb, appellee herein, instituted this suit against San Antonio Loan & Trust Company seeking, in a trespass to try title suit, to recover the title and possession of Lots 13 and 14, in Block 12, New City Block 3113, situated within the corporate limits of the City of San Antonio, Bexar County, Texas.

The trial was before the court, without the intervention of a jury, and resulted in judgment favorable to Mrs. Leeta Rabb, from which judgment the San Antonio Loan & Trust Company has prosecuted this appeal.

Appellant's first point is as follows: "The error of the court in rendering judgment for the Plaintiff for the title to the property without conditioning the same upon the payment by Plaintiff of the balance owing to the Defendant of $866.49 and interest on the Dellerman note, because the Defendant's loan was made to pay the purchase price for the conveyance from Steves

to Dellerman, and the Defendant was subrogated to Steves' rights and priorities, and the Plaintiff's rights under her contract with Dellerman were subordinate to the Defendant's rights."

The trial judge filed findings of fact and law, and from such findings we learn:

On September 21, 1925, William Dellerman and Mrs. Leeta Rabb, appellee, entered into a contract of sale for the two lots herein involved, and on September 24, 1925, appellee, Rabb, moved into physical possession of such property and has continuously since such date resided upon, used, occupied and enjoyed such possession claiming to own the same.

On October 6, 1925, William Dellerman and wife executed and delivered to the San Antonio Loan & Trust Company a deed of trust, covering the property in question, securing a note in the sum of $1,500, executed and delivered on the same date. The deed of trust was filed by the San Antonio Loan & Trust Company on October 10, 1925.

On September 24, 1925, Albert and Ernest Steves signed a warranty deed, which bears notary's certificate of acknowledgment dated September 30, 1925, to William Dellerman as grantee, which deed recites a cash consideration of $1,480 paid to said Albert and Ernest Steves by said Dellerman. This deed was delivered by the Steves to appellant on some date between October 6 and October 10, 1925, and by appellant filed for record on October 10, 1925, simultaneously with the filing for record of the deed of trust above mentioned. On the same day appellant paid to the Steves $1,480, which was the proceeds of the note dated October 6, 1925, for $1,500. The trial judge found that the evidence was silent as to whether or not Dellerman expressly requested that appellant advance the purchase money for the property.

On July 7, 1936, appellant secured a sheriff's deed to the two lots involved, by reason of a foreclosure of a deed of trust lien, which was in part an extension of the deed of trust lien given by the Dellermans on October 6, 1925. Appellee, Mrs. Rabb, was not a party to this foreclosure proceeding. She had no knowledge of the dealings between appellant and the Dellermans other than constructive knowledge of the deed of trust by reason of its being recorded.

Thus it will be seen that appellee, Mrs. Rabb, acquired the property by the execution of a sales contract and went into possession of the same prior to the execution of the deed of trust and the $1,500 note by Dellerman. She remained in peaceable possession of the land for some fifteen years before any attempt was made to dispossess her. Her possession of the property at the time the deed of trust was executed and the loan made to Dellerman was sufficient to place the loan company on notice of her rights, and the loan was therefore made subject to her prior title to the lots. Cupp v. Cady, 190 Ark. 700, 81 S.W.2d 417; Art. 5510, Vernon's Ann.Civ. Stats.

Appellant's second point is to the effect that inasmuch as Dellerman did not have title to the property at the time he sold it to appellee and put her in possession but acquired the title afterward, by purchase from the Steves, with money loaned by appellant, which money has not been repaid, appellee should not be permitted to recover title to the property without taking same subject to the deed of trust lien. We overrule this contention. Mrs. Rabb is not depending upon the after acquired title of Dellerman, but, rather, upon the title which she has acquired by her open adverse possession for more than ten years.

Appellant's third point is in effect that Mrs. Rabb should not be permitted to recover the title to the two lots because she did not make all of her payments under her sales contract with Dellerman, that she is being granted the equitable relief of specific performance without being required to do equity. We overrule this contention. Dellerman is not a party to this suit. He executed to Mrs. Rabb a quitclaim deed to the lots. Any balance that she owes Dellerman is now barred by limitation. Art. 5527, Vernon's Ann.Civ.Stats. The trial judge properly found as a matter of law that Mrs. Rabb was entitled to recover the lots by reason of her adverse possession for more than ten years. Art. 5510, supra.

What has already been said requires that points four and five be overruled.

By its sixth point appellant complains because the trial court did not make a requested finding to the effect that Dellerman requested appellant to pay the pro-

ceeds of the loan to Steves as the purchase price of said property. We overrule this point. The trial court's finding on this point is as follows: "20. By reason of the fact that the evidence is silent, I cannot find that said Dellerman expressly requested the defendant to advance the purchase money for the property in question to be paid to Albert and Ernest Steves."

This was a sufficient finding upon the matter. Furthermore, inasmuch as we have concluded that Mrs. Rabb's title was a prior title to the deed of trust lien held by appellant, the requested finding is unimportant.

The judgment is affirmed.