DEAN v. FREEZE.

4-8489                                    209 S. W. 2d 876

Opinion delivered April 12, 1948.

*Ben B. Williamson,* for appellant.

*Chas. F. Cole,* for appellee.

SMITH, J.   Alvia Webb owned a 10-acre tract of land in section 14, T. 15 N., R. 10 W., Stone county, Arkansas, known as Camp Sylamore.   On March 5, 1947, he leased the premises to Bill Brown and Thurlow Freeze for a period of three years, at a monthly rental of $50 per month, payable monthly in advance, which rental covered the premises and the building located thereon, and the equipment in the building used in the operation of a night club and place of entertainment and amusement.

On May 2, 1947, Brown and Freeze assigned the lease to William H. Phillips, which lease and the assignment thereof were duly recorded and on May 16, 1947, Phillips assigned and transferred the lease to Freeze individually.   Subsequent to the execution of the original lease Webb sold the property to Daisy Dean, retaining

266

title to the personal property used in connection with the amusement resort.

After purchasing the property Mrs. Dean served notice on Freeze to vacate it within three days, and when the notice was not complied with she entered the building and removed its contents. The building was used only at nights, and it was entered in the daytime. Freeze obtained a temporary restraining order, which on final hearing was made permanent, enjoining Mrs. Dean from interfering with Freeze's possession, and from that decree is this appeal.

In response to the petition for the restraining order, Mrs. Dean denied that Freeze had a valid lease, and she prayed that he be enjoined from interfering with her possession.

These pleadings dispose of appellant's first contention that the court was without jurisdiction to grant the relief prayed, inasmuch as each party prayed that the other be restrained from interfering with the other's business.

The answer prayed that the cause be dismissed for the want of equity, but there was no motion to transfer the cause to the law docket. Appellant insists that the cause should be transferred to the law docket, inasmuch as she had both possession and the title to the property. Her title is not disputed, but her right of possession is. After giving the notice required to maintain an action of unlawful detainer, appellant abandoned that proceeding, and entered the building and removed its contents. This notice itself was a recognition of appellee's possession. That he was in possession is an undisputed fact. Personal property which appellee either owned or had leased was found in the building and was removed by appellant.

Appellant insists that she acquired title to the building and to the right to its possession as an innocent purchaser. It is admitted that the lease of the building and its contents for a period of three years was recorded, but it is insisted that as recorded the property was

described as being in Range 11, and the lease was not shown on the abstract of title which Mrs. Dean had prepared before she purchased the property, and that she was not chargeable with notice of the recorded lease because as recorded it did not describe the land in question.

The testimony is conflicting as to whether Mrs. Dean had actual knowledge of the existing lease when she purchased. The decree indicates the finding that she had this knowledge. However, she had knowledge of the fact that an occupant was in possession and it was her duty to inquire of the occupant by what right he was in possession and she is charged with the knowledge of the facts which the inquiry would have developed. *Hughes Bros.* v. *Redus,* 90 Ark. 149, 118 S. W. 414; *Cupp* v. *Cady,* 190 Ark. 700, 81 S. W. 2d 417. It was expressly held in the Hughes Bros. case, *supra,* to quote a headnote that ''One's actual possession of land is notice to the world of the title under which he claims.'' Here Mrs. Dean bought the tract of land of which Freeze had actual possession, and she was not therefore an innocent purchaser.

Mrs. Dean denied knowing anything about the lease when she purchased, but she admitted that she knew someone was in possession. She so advised Webb, but she testified that Webb told her that the lease had been broken, and that she could get possession without trouble. Webb testified that he told Mrs. Dean that the property was under an outstanding lease, and that the only way he could sell the property was for her to deal with his leasee ''about getting him out of it.''

The lease provided that the rent should be paid monthly in advance, and should be in force only so long as the rent was paid, and it is insisted that default was made in its payments. On this issue Freeze testified that he tendered the rent, but that Mrs. Dean declined to accept it, and his testimony was corroborated by one Lloyd Gladden, whose testimony was not contradicted.

Freeze testified that he did not pay the rent on the first day of the month as that day was Sunday, but that

the tender was made the next day. We think this was a sufficient tender.

We conclude that the court correctly held that Mrs. Dean had bought subject to an unexpired lease and that she was not an innocent purchaser, and that there was no failure to tender the rent when due. The decree enjoining Mrs. Dean from interfering with the possession of Freeze is therefore affirmed.