AFFILIATED LAUNDRIES, LTD., A
Partnership d/b/a APARTMENT LAUNDRIES *v.*
Tommy KEETON et al d/b/a FRENCH
VILLAGE APARTMENTS and CORONADO
PROPERTIES, LTD.

CA 80-232                                     606 S.W. 2d 370
Court of Appeals of Arkansas
Opinion delivered October 22, 1980

*Shaw & Ledbetter*, for appellant.

*Pryor, Robinson, Taylor & Barry*, for appellees.

ERNIE E. WRIGHT, Chief Judge. Appellant filed action seeking an injunction prohibiting appellee from removing appellant's laundry equipment from the laundry room at French Village Apartments owned by appellees. Appellant had a seven year lease contract with the preceding owner of the apartments. At the conclusion of trial on the merits the chancellor dismissed appellant's complaint. Thereafter, the chancellor granted appellant's motion for injunctive relief pending appeal. Appellant brings this appeal from the decree denying permanent injunctive relief, and appellees have cross appealed from the order entered subsequent to the decree enjoining removal of appellant's laundry equipment from the apartment complex until the issues raised on appeal have been determined. The issue on direct appeal is whether appellees had sufficient constructive notice of appellant's lease to cause them to be bound by the lease.

In October, 1977, appellant entered into a seven year written license/lease contract, with a conditional renewal clause, with French Village Apartments, a limited partnership, to lease the laundry room in the French Village Apartments, and appellant was given the exclusive right to maintain coin operated laundry services in the laundry room. The contract contained a clause providing the agreement is non-cancellable during the lease term, and that the owner of the premises, in the event of sale of the property, would notify any successor owner of the licensee's rights under the agreement. The agreement required appellant to pay monthly to the owner of the premises 50% of the gross receipts from the laundry equipment. After the execution of the lease appellant installed new laundry equipment in the laundry room of the apartment complex, and has complied with the terms of the contract.

In December, 1979, appellees closed the purchase of the apartment complex from appellant's lessor and promptly notified appellant of its intention to remove appellant's equipment from the premises. Appellant then filed action for injunctive relief.

At trial it was stipulated that if the license/lease contract is binding upon appellees a breach of contract would cause irreparable damage to appellant.

Appellees' representative was shown the laundry room and equipment of the apartment complex on September 6, 1979, when the contract for purchase of the property was made, and was told the laundry facilities were a concession with the apartment complex owner receiving 50% of the revenues. It is clear the buyers, appellees herein, were fully aware prior to closing that the laundry equipment was owned and maintained by someone other than the seller. The appellees made no inquiry prior to closing the purchase as to who owned the laundry equipment and the terms and conditions of the agreement under which the space for the laundry equipment was occupied.

Incident to furnishing title insurance to appellees, the seller furnished an affidavit listing what purported to be all outstanding leases, but inadvertently failed to list the outstanding license/lease for the laundry facility room. The list of inventory of personal property included in the sale properly omitted the laundry equipment.

The court in dismissing appellant's complaint held that although the presence of the laundry equipment in the apartment property placed appellees on notice to make inquiry with respect thereto, the affidavit by the seller which failed to reflect the laundry room license/lease satisfied any obligation of appellees to make inquiry concerning the laundry equipment and negated any constructive notice of the existence of the laundry room lease. The court held appellees were justified in considering the occupancy of the laundry room as at most a month to month tenancy terminable at will. Appellant contends the court erred in this holding.

We conclude the appellees, having had notice as early as September 6, 1979, that the laundry room in the apartment complex was occupied by equipment belonging to someone other than the seller and that the machines were operated on a concession arrangement, had a duty to inquire prior to closing as to the identity of the owner and the terms of the agreement under which the owner of the equipment was occupying the laundry room space. The appellees are, under the law, chargeable with notice of what that inquiry would have disclosed. Had such inquiry been made, appellees would have learned that appellant has a written lease on the laundry space for a term of seven years from October, 1977, plus certain conditional renewal rights. Appellees failed to exercise reasonable diligence to ascertain information as to the existence of the lease and they cannot be said to have the status of innocent purchasers taking title to the real estate free of the leasehold right of appellant.

The occupancy of the laundry room by several thousand dollars worth of equipment, which appellees knew belonged to someone other than the seller, placed appellees on ample notice requiring diligent inquiry as to the identity of the owner, the existence of any occupancy agreement and the terms thereof. The appellees made no inquiry as to the identity of the owner of the laundry equipment or whether there was a written lease. Due diligence required appellees to do more than merely rely on the affidavit made by the owners to the title insurance company to bring them within the protection of the innocent purchasers without notice rule. *Dean* v. *Freeze*, 213 Ark. 264, 209 S.W. 2d 876 (1948); *Valley Planing Mill Company* v. *Lena Lumber Co.*, 168 Ark. 1133, 272 S.W. 860 (1925). The rule approved in *Valley Planing Co.*, supra, is, "Notice of facts putting a man of ordinary prudence on inquiry is tantamount to knowledge of the facts to which the inquiry might lead."

The decree denying appellant's complaint for injunctive relief is reversed and the cause is remanded for entry of a decree in keeping with this opinion.

Since we hold a decree should have been entered holding the laundry space lease binding upon appellees and ap-

propriate injunctive relief afforded, we find it unnecessary to address appellees' cross appeal contending the court erred in staying the enforcement of the decree. Our decision on the direct appeal effectively disposes of the cross appeal and same is dismissed.