W.C. GARMON, Jr. and Susan Garmon *v.* Troy MITCHELL d/b/a Troy Mitchell Elevator and First National Bank in Stuttgart

CA 95-39                                                918 S.W.2d 201

Court of Appeals of Arkansas
Division II
Opinion delivered March 20, 1996

*Ramsay, Bridgforth, Harrelson & Starling*, by: *William M. Bridgforth* and *John T. Starling*, for appellants.

*Russell D. Berry*, for appellee Troy Mitchell.

*Duff Nolan, Jr.*, for appellee First National Bank.

JAMES R. COOPER, Judge. The appellants in this chancery case purchased from the appellee, First National Bank in Stuttgart, ten acres of land on which were located a store, a house, various outbuildings, and a large grain-storage facility. After occupying the property for several months the appellants learned that the appellee, Troy Mitchell, claimed to be the owner of the grain-storage facility and that he had a lease to keep the facility on the appellants' land. Advised by the appellee bank that Mitchell had no valid lease or interest in the grain storage facility, the appellants disputed Mitchell's claim. Mitchell subsequently brought suit to enforce the lease and, after a hearing, the trial court found that the grain storage bins were personal property belonging to Mitchell; that Mitchell would be permitted to remove the bins if he did so within 90 days; that the Bank will have breached its warranty if Mitchell removes the bins; and that the value of the bins is $3,500.00.

The appellants argue on appeal that the chancellor erred in finding that the bins are personalty, in finding the value of the bins to be $3,500.00, and in failing to enter judgment against the bank for their attorney's fees incurred in defending title to the subject property. On cross-appeal, Mitchell argues that the chancellor erred in finding that the appellants were not bound by the lease, and in finding that the appellants were not liable for evicting Mitchell from the leased premises.

We first address the appellants' contention that the trial court erred in finding that the grain-storage facility constituted personal property owned by the appellee, Troy Mitchell. The appellants

argue that the grain bins were fixtures as evidenced by their very large size, their attachment to their footings by extremely large bolts, and expert testimony to the effect that the bins could not be moved unless they were dismantled and cut into smaller pieces with a cutting torch.

■■ Although it is true that there are cases in which similar installations were found to have been fixtures, rather than personalty, *see e.g., Corning Bank v. Bank of Rector*, 265 Ark. 68, 576 S.W.2d 949 (1979); *Barron v. Barron*, 1 Ark. App. 323, 615 S.W.2d 394 (1981), it does not follow that such grain-storage facilities are fixtures as a matter of law. The question of whether particular property constitutes a fixture is usually a mixed question of law and fact. *Corning Bank v. Bank of Rector, supra.* In determining whether items are chattels or fixtures, it is necessary to consider: (1) whether the items are annexed to the realty; (2) whether the items are appropriate and adapted to the use or purpose of that part of the realty to which the items are connected; and (3) whether the party making the annexation intended to make it permanent. *McIlroy Bank & Trust v. Federal Land Bank*, 266 Ark. 481, 585 S.W.2d 947 (1979). In the case at bar it is clear that the original lessee of the property did not intend for the annexation to be permanent because the lease agreement expressly provided that the lessee should have the right to build a grain-storage facility on the property and, within 60 days of termination of the lease, "to remove from the premises all improvements placed thereon" by the lessee. Given this clear expression of the intent of the party making the annexation to treat the storage facility as a chattel, we cannot say that the chancellor clearly erred in holding that it was not a fixture. *See* Ark. R. Civ. P. 52(b).

■ The appellants next contend that the chancellor erred in assessing the amount of their damages arising out of breach of warranty by the appellee bank. The record clearly demonstrates that the bank agreed to sell to the appellants the subject property, including any attached fixtures or equipment, and that the grain bins were attached to the property under the terms of the agreement. The chancellor found that a breach of warranty would arise if Mitchell elected to remove the grain bins as permitted by the order appealed from and that, in such event, judgment should be entered in favor of the appellants for the value of the grain bins. The thrust of the appellant's argument under this point is that the trial court

erred in finding the value of the bins to be $3,500.00. The testimony in this regard was in sharp dispute, with the appellee Mitchell opining that the value of the bins was $90,000.00, while Cole Martin, who was the bank's agent in the sale of the property to the appellants, testified that he viewed the grain bins as a liability with no value whatsoever. Furthermore, the record shows that the grain bins were in poor repair and inoperable, and that the appellants paid only $50,000.00 for the entire property, including a house and a store. In this context we think it significant that the store, which later burned, was itself insured for $50,000.00. Under these circumstances, giving due regard to the superior position of the chancellor to resolve disputes in the evidence and assess credibility, we cannot say that the chancellor clearly erred in finding the value of the grain bins to be $3,500.00.

■ Finally, the appellants contend that the chancellor erred in failing to enter judgment against the bank for attorney's fees incurred in defending their title to the property. We agree. Where, as here, there is a covenant to warrant and defend title, the covenantee is entitled to recover the costs and necessary expenses incurred in the bona fide defense of title, including a reasonable attorney's fee. *Murchie v. Hinton*, 41 Ark. App. 84, 848 S.W.2d 436 (1993). Although the record shows that the bank provided the appellants with an attorney during the first trial in this matter, it failed to provide a defense when it appeared that its interests were adverse to those of the appellants and a second trial was necessitated. We do not consider this partial participation in the appellants' defense to be sufficient defense of title, *see Murchie, supra*, and in light of the appellants' successful defense of their title to the realty against Mitchell's assertion of a leasehold interest, we reverse and remand for the chancellor to enter judgment against the bank for costs and necessary expenses, including a reasonable attorney's fee.

■ On cross-appeal, the appellee, Troy Mitchell, contends that the chancellor erred in finding that the appellants were innocent purchasers for value and, therefore, not bound by the terms of the unrecorded lease between Mitchell and the bank's predecessor in title. It is undisputed that Mitchell's lease was not recorded. Arkansas Code Annotated § 14-15-404(b) provides that:

> No deed, bond, or instrument of writing for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, made or executed after Decem-

ber 21, 1846, shall be good or valid against a subsequent purchaser of the real estate for a valuable consideration without actual notice thereof or against any creditor of the person executing such an instrument obtaining a judgment or decree which by law may be a lien upon the real estate unless the deed, bond, or instrument, duly executed and acknowledged or proved as required by law, is filed for record in the office of the clerk and ex officio recorder of the county where the real estate is situated.

The cross-appellant contends, however, that the appellants should have been held to be bound by the lease despite the lack of recordation because the circumstances were such to put them on notice of Mitchell's lease. For this proposition he cites *Affiliated Laundries, Ltd. v. Keeton*, 270 Ark. 841, 606 S.W.2d 370 (Ark. App. 1980), where we held that the purchasers of an apartment complex had a duty to inquire as to the ownership of equipment in the laundry room. However, in *Affiliated Laundries, supra,* the purchasers were aware prior to closing that the laundry equipment was owned and maintained by someone other than the seller. Such actual notice was lacking in the case at bar and, in addition, we think that it was not readily apparent that the 70-foot-tall structure at issue in the case at bar was personalty. On our review of the record, we cannot say that the chancellor erred in failing to find that the circumstances were such as to put the appellants on inquiry.

Finally, the cross-appellant contends that the chancellor erred in finding that the appellants were not liable for damages arising out of an assertedly wrongful eviction of Mitchell from the leased premises. Insomuch as this argument is foreclosed by our holding that the appellants were not bound by the terms of the unrecorded lease, we need not address it.

Affirmed in part, reversed and remanded in part on direct appeal; affirmed on cross-appeal.

STROUD and GRIFFEN, JJ., agree.